PETITION OF WILLIAM M. BAILEY *et al.* for an Opinion of the Court.

13 543
14 432
13 543
16 121
16 148
13 543
18 123
18 588
13 543
s19 670
13 543
f 26 401

A testator gave the residue of his estate to trustees, to set apart a sum, the income of which was to accumulate till his grandson became twenty-one, then with the income of the accumulations to be paid to the grandson for life; and to hold the remainder of the residue in trust for the testator's children, with remainders over.

No intention appearing to treat the sum to be set apart differently from the rest of the trust estates: ·

*Held*, that the sum should, until actually set apart, share with the other trusts the income and taxes of the estate.

The realty of the residue passed directly to the trustees.

*Held,* that they should divide the net income proportionately among the trusts until the above named sum had been actually set apart, when the realty income should go to the testator's children.

As to the personalty of the residue,

*Held,* that the executors might retain its income until the estate was settled.

*Held,* further, that from this income of personalty should be paid the taxes on the personalty, and also interest accruing after the first year of administration on all debts remaining unpaid.

*Held,* further, that the executors, on settlement of the estate, should give the trustees an account of the accrued income and of the original capital of the estate, the former to be divided by the trustees among the *cestuis* for life, and the latter to be invested as a permanent fund.

CASE STATED for the opinion of the Court under Public Laws R. I. cap. 563, § 16, of April 20, 1876.

This case was stated by the executor, trustees, and beneficiaries of the will of Caroline M. Brown, which was proven before the Supreme Court in Kent County, March 8, 1880.

The will is as follows:

" This is the last Will and Testament of me Caroline Matilda . Brown, of Warwick, in the County of Kent and State of Rhode Island.

" I give and bequeath all and singular my jewels unto my two daughters, Ann Mary B. Hawkins and Caroline M. C. Brown, during their respective lives, in equal shares; and after the decease of either of my said daughters, I give and bequeath her share of the said jewels unto her daughter or daughters, who shall be living at the time of her decease, in equal shares if more than one, her or their executors, administrators, and assigns absolutely; and on failure of such issue of either of my said daughters, then I give and bequeath her share to the other of them my said daughters during her life.    And after the decease of such last mentioned daughter, I give and bequeath the share lastly hereinbefore given to her, unto her daughter or daughters, who shall be living at the .time of her decease, in equal shares if more than one, her or their executors, administrators, and assigns absolutely.    And if both my said daughters should die without such issue as aforesaid, then I direct the trustees hereinafter named to take possession of, and to sell and dispose of said jewels, and to stand possessed of the proceeds to arise therefrom, as part of the assets of my estate, and subject to all the provisions of the trust hereinafter declared as respects the residue of my estate.

" I give and bequeath unto my said daughters all my plate, except such pieces as bear the name of their brother, John Carter Brown, and which excepted pieces I give and bequeath to him absolutely. Also excepting from said gift of plate to my said daughters, the two silver porringers and two silver tankards, one marked J. C. B., Sr., and the other marked A. C., which I give and bequeath unto my son, Grenville R. Brown, absolutely.

" I give and bequeath to my four children hereinbefore named, absolutely, to be divided equally between them, all nicknacks, all embroidered furniture and other articles of embroidery, mosaic and fancy tables, mosaics and china.

" And I direct my executors to sell and dispose of at public or private sale, in their discretion, all and singular, my books, pictures, sketches, curiosities, works of art, coins, and all my household furniture, goods, and chattels, not hereinbefore specifically bequeathed, and not consisting of either money, or securities for money, and to stand possessed of the proceeds to arise therefrom, as part of the general assets of my estate.

" And I hereby declare and direct, that in case the chapel to the memory of my late beloved husband, Nicholas Brown, shall not have been completed in my lifetime, in the particulars hereinafter set forth, the same shall be finished by my executors, who will, so far as the same shall not have been done, cause the grounds to be planted with suitable trees, and to be erected a marble tablet to the memory of my said husband, and a marble tablet to the memory of my late beloved son, Alfred Nicholas Brown; also a suitable open iron door to said building, which will secure the same against intruders; also an iron or stone rail round the aperture of the vault; and also to cause proper ventilation to be made in the building to prevent dampness therein.

" And subject to the dispositions and provisions hereinbefore expressed and contained, I give, devise, and bequeath all and singular my real and personal estate, whatsoever and wheresoever, at the time of my decease, including all real estate which I may acquire subsequent to the date of this my will, unto and to the use of my said son, Grenville R. Brown, William M. Bailey, and William Grosvenor, Junior, both of North Providence, in said State of Rhode Island, their heirs, executors, administrators, and assigns,

according to the nature and quality thereof respectively, as joint tenants, and not as tenants in common, but upon, under, and subject to the trusts and provisions, and to and for the ends, intents, and purposes hereinafter expressed and declared of and concerning the same, that is to say, as to and concerning the sum of twenty thousand dollars, parcel of said trust premises, in trust, to lay out and invest the same in real estate, improved or unimproved, productive or unproductive, or in the improvement of all or any part thereof, or in good stocks, bonds, or mortgages of real estate, such stocks, bonds, or mortgages yielding at the period of investment six per cent. per annum at the least ; with power to the said trustees from time to time, to vary and transpose such real estate, stocks, securities, and investments, and the accumulations thereof hereinafter mentioned, as occasion may require, or as they shall think proper. And I declare that my said trustees shall stand possessed of the said trust fund, or sum of twenty thousand dollars, and the investments thereof, and the accumulations thereof, as hereinafter provided, and invested from time to time, in like manner as the principal, in trust, for my grandson, Nicholas Brown, infant son of my said deceased son, Alfred Nicholas Brown, in case he my said grandson should survive me, and attain the age of twenty-one years ; thereafter to pay to him the net rents, income, and profits thereafter derived from said trust property, and the investments thereof, during his life, in semiannual payments, or oftener in their discretion, for his use and benefit. But if my said grandson should die before me, or under the age of twenty-one years, then in trust, for such child or children of my said grandson as shall survive me, in equal shares, if more than one, his, her, and their executors, administrators, and assigns, absolutely. And in case neither my said grandson, nor any child of his, should take a vested interest in the said trust monies and premises under the preceding trusts, then in trust, for the person or persons who, for the time being, shall be entitled to the residue of my said real and personal estate, under the ulterior provisions of this my will; and in like manner, shares, and proportions, in all respects as is hereinafter provided concerning such residue.

" Provided always, and I declare, that in the mean time, and until the said trust monies and premises shall vest absolutely in

and become payable and transferable to some person or persons, under the trusts hereinbefore declared concerning the same, my said trustees shall, from time to time, receive the annual produce and income of such trust monies and premises, and lay out and invest the same, except the sum of three hundred and fifty dollars per annum thereof, in augmentation of said principal sum, from time to time, and the income from such augmentations in like manner, and with the same powers and effect, as hereinbefore authorized, empowered, and directed, as to the principal of said sum of twenty thousand dollars.

" And I declare that the said annual produce and income, trust monies, real estate, stocks and securities, and all the accumulations of the same, shall go, and be, in trust, for the person or persons who, under the trusts hereinbefore declared, shall become absolutely entitled to the funds from which the same respectively shall have proceeded, and be considered part thereof respectively.

" And as to the said excepted sum of three hundred and fifty dollars per annum, I direct my said trustees, during such suspense of vesting as aforesaid, to pay or apply to, or for the use of my brother, Henry H. Clements, the sum of two hundred dollars per annum, and to my servant, Jessee Elsey, the sum of one hundred and fifty dollars per annum, during their respective lives, in equal quarterly portions, in every year, clear of all incidental expenses and deductions, and for full quarters upon which they shall respectively enter living; the first of said quarterly payments to be made at the expiration of three months next after my decease. And I hereby charge the said trust monies and premises, in the hands of the person or persons who shall be ultimately entitled thereto, under the trusts hereinbefore contained, with the payment to, or for the use of my said brother Henry, and my servant Jessee, during their respective lives, of an annuity or yearly sum of three hundred and fifty dollars, in the proportions hereinbefore declared, in equal quarterly payments; the first of such quarterly payments to be made at the expiration of three months next after my decease, and so on for every three months, after said trust monies and premises shall have become vested in, and paid to the person or persons ultimately entitled thereto as aforesaid, clear of all incidental expenses and deductions, paying said annuities for full quarters for the fraction preceding the determination thereof.

" And I declare and direct that my said trustees shall stand and be possessed of the residue of my real and personal estate, of which I may die seized and possessed, and whether the same was acquired before or after the date of this my will, upon the trusts hereinafter declared, that is to say, as to and concerning one equal half part thereof, in trust, for my said sons, John Carter Brown and Grenville R. Brown, in equal shares, their respective heirs, executors, administrators, and assigns, according to the nature and quality thereof.

" And as to and concerning the other equal half part thereof, in trust, to get in and receive the same, and take full possession thereof, and as it may be necessary, or in the opinion of my said trustees be expedient, convert into money, by sale, lease, mortgage, or hypothecation, the whole, or any part thereof, whether the same shall consist of real or personal estate, and to lay out and invest the monies to arise from any getting in, conversion, sale, lease, mortgage, or hypothecation, of real or personal estate, in real estate, improved or unimproved, or in improving real estate, or in good bonds, stocks, or mortgages of real, personal, or other estates or property, with power of varying or transposing such investments in their discretion, and generally to manage and order all the affairs and business of, or relating to, the said last mentioned trust property ; and as often as once in every six months, or oftener in their discretion, to pay the net income of the said last mentioned trust property, and investments thereof, to my said daughters, Ann Mary B. Hawkins and Caroline M. C. Brown, in equal shares for their respective lives, for their sole and separate use, and free of all claim or right by the curtesy, or otherwise, of any husband of either of my said daughters, and free from all right of anticipation, and upon their respective separate, or joint receipts, whether sole or married.

" And after the respective decease of my said daughters, the principal of their respective shares shall be equally divided among such of their respective children, if more than one, as shall survive me, and live to attain the age of twenty-one years, or shall die under that age leaving issue living, to his, her, or their heirs and assigns forever.

" And as to such survivor or survivors I declare that my said

trustees shall, during the minority of such survivor or survivors, pay the income to which their parents would have been entitled if living, in the discretion of my said trustees, to him, her, or them, in equal shares, upon his, her, or their own receipt, or to any guardian, or other person acting as such, and whether by appointment or not ; or my trustees may in their discretion apply said income, from time to time, as occasion may arise, according to the respective shares thereof, as hereinbefore stated, to the comfortable support and education of such survivors respectively, having due regard to their age, health, position, and condition in life ; and for such disposition or application of said income, this clause in my will shall be their full and sufficient authority, indemnity, and discharge.

"And if either of my said daughters should die without leaving any child, who shall survive me, and live to attain the age of twenty-one years, or die under that age, leaving issue living at his or her decease, then as to the moiety, or share of her so dying, in trust, for the other of them my said daughters, during her life, and after her decease, for her child, or children, in the same manner in all respects as her original share. And if neither of my said daughters should have a child, who shall survive me, and live to attain the age of twenty-one years, or die under that age leaving issue living at his or her decease, then as to the whole of the said last mentioned trust premises, in trust, for my said sons, John Carter Brown and Grenville R. Brown, in equal shares, as tenants in common, their respective heirs, executors, administrators, and assigns forever.

"Provided always, that if my said daughters, respectively, should dispose of the income to which they are respectively entitled under the preceding trusts ; or if by any means whatsoever the said income, or any part thereof, cannot be personally enjoyed by them respectively, then the trusts hereinbefore expressed concerning the said income, or concerning so much thereof as cannot be personally enjoyed by them respectively, shall immediately thereupon cease; and the same income shall be applied by my said trustees, during all the then residue of the life of my said daughters respectively, to and for the maintenance and education, or otherwise for the use and benefit of the child or children, for

the time being of my said daughters respectively, or such one or more of such children if more than one, and in such manner as my said trustees in their discretion shall think proper; and in default of any object of the last mentioned trust, at any period during the life of my said daughters respectively, and when and so often as the same shall happen, then upon trust from time to time, so long as such vacancy or want of objects shall continue, to accumulate, and invest the income aforesaid, in augmentation of the principal or capital thereof, in the nature of compound interest, with power of varying such investments; provided also, that in case of the cessation of said income as to my said daughters respectively, otherwise than by death as hereinbefore provided for, it shall be lawful for my said trustees in their discretion, but without its being in anywise obligatory upon them, to pay to, or apply for the use of my said daughters respectively, or for them respectively, and their respective families, so much, and such part of the income to which my said daughters respectively would otherwise have been entitled under the preceding trusts, in case the forfeiture hereinbefore provided for had not happened, anything hereinbefore contained to the contrary thereof in anywise notwithstanding.

"I declare that any vacancy or vacancies occurring in any trusteeship under this my will, by death in my lifetime, or afterwards by disclaimer, resignation, residence abroad, refusal to act, or incapacity, may be supplied by the trustee or trustees for the time being, including any resigning or disclaiming trustee or trustees, if willing to act; or if there be no trustee willing to act, by the acting executor or administrator of the person who shall have last died in the trust; or if there be no such person, by my acting executors or administrators; every such appointment, to be made by any attested writing; and it shall not be necessary to supply all the vacancies at the same time, nevertheless, it is my desire that, so far as convenient, there be always two trustees.

"And I declare that every instrument purporting to be made in pursuance of the foregoing powers, and not appearing on the face of it to be invalid, shall, though not so made, be valid for all purposes, and that every trustee appointed under this power, shall immediately have all the power of a trustee, although the

trust property be not then vested in him; and that the trustee or trustees for the time being under this my will, may exercise any power or discretion hereby given to the trustees herein named. And I declare that the receipt in writing of my trustees for the time being, shall be sufficient discharges to all persons, for any monies or property acknowledged to be received by them, and that no purchaser shall be obliged, or concerned to inquire into the necessity, or expediency of any sale, under this my will, and also that no purchaser, tenant, or other person, shall be obliged to see to the application of any purchase money, rent, or other money, or be answerable for the application, misapplication, or non-application thereof.

"I appoint my said son, Grenville R. Brown, and the said William M. Bailey, executors of this my will, and hereby revoking all wills by me heretofore made, I declare this only to be my last will and testament.

"In witness whereof I have hereunto set my hand and seal, this twenty-seventh day of March, in the year of our Lord one thousand eight hundred and sixty-nine (1869).

"CAROLINE M. BROWN. { C. M. B.<br>SEAL.

"The above written will, of the above named testatrix, Caroline Matilda Brown, was signed, sealed, published, and declared by her, as and for her last will and testament, in the presence of us, being all present at the same time, who at her request, in her presence, and in presence of each other, have hereunto subscribed our names as witnesses. "HENRY MARTIN,
"W. M. BAILEY, JR.,
"AMASA M. EATON.

"I, Caroline Matilda Brown, of Warwick, in the County of Kent and State of Rhode Island, hereby make and publish this codicil to my last will and testament, dated the twenty-seventh (27) day of March, in the year of our Lord one thousand eight hundred and sixty-nine (1869).

"I hereby revoke the appointment of Grenville R. Brown as one of the trustees and executors, under my said original will, and hereby declare that William M. Bailey and William Grosve-

nor, Junior, formerly of North Providence, and now of the city of Providence, shall be trustees under all the trusts created by my said original will, and by this my codicil.

"I also revoke the bequest of one equal half part, of the rest and residue of my real and personal estate, of which I may die seized and possessed, and whether the same was acquired before or after the date of my said original will, to my said trustees, in trust, for my sons, John Carter Brown and Grenville R. Brown, in equal shares, their respective heirs, executors, administrators, and assigns, according to the nature and quality thereof.

"And I also revoke the following clause in my said original will, 'And if neither of my said daughters should have a child who shall survive me, and live to attain the age of twenty-one years, or die under that age leaving issue living at his or her decease, then as to the whole of the last mentioned trust premises, in trust, for my said sons, John Carter Brown and Grenville R. Brown, in equal shares, as tenants in common, their respective heirs, executors, administrators, and assigns forever.'

"I also revoke the annuity charged in my said original will upon the estate and income, devised in trust, for my grandson, Nicholas Brown, in trust, for my servant, Jessee Elsey, and leave it to the disposition and judgment of my children, respectively, to make such provision for my said servant as they may deem just and proper, from time to time, and to pay the same out of any income, which may be paid to my said children, respectively, by the trustees under my said original will and this my codicil, and I hereby discharge my trustees from all obligation to pay over any part of said annual sum of one hundred and fifty dollars to said Jessee Elsey, under the provisions of my said original will.

"In addition to the one fourth part of the rest and residue of my real and personal estate, devised in my said original will, in trust, for my daughter, Ann Mary B. Hawkins, I now give, devise, and bequeath to my said trustees, their heirs, executors, administrators, and assigns, to be held by them, subject to all the provisions, powers, conditions, trusts, limitations, and obligations contained in the bequest of the one fourth part of said rest and residue of my real and personal estate, as declared in my said original will, all my buildings, betterments, and improvements

upon the estate on the corner of Brook and Power Streets, in the city of Providence, and also my one third interest in the one twenty-fourth part of the Phillipsburg property and estate, situate in Tyronne and Clearfield Counties, Pennsylvania, now held undivided with the heirs of the estate of my late husband, Nicholas Brown, deceased, to be held by said trustees, subject to all the provisions, powers, conditions, limitations, and obligations of the trust created under my said original will, respecting my said daughter's share of the rest and residue of my real and personal estate.

" And in addition to the one fourth part of the rest and residue of my real and personal estate, devised in my said original will, in trust, for my said daughter, Caroline M. C. Brown, I give and bequeath to my said trustees, their heirs, executors, administrators, and assigns my estate on Brown Street, in the city of Providence, to be held by them subject to all the provisions, powers, conditions, limitations, and obligations contained in the bequest of the one fourth part of the rest and residue of my real and personal estate in my said original will, excepting that the same shall not be mortgaged or sold during the life of my said daughter, for any purpose whatsoever, and that all taxes, insurance, and repairs, upon said Brown Street estate, shall be charged upon and paid out of the share of the income derived from the one fourth part of the rest and residue of my said real and personal estate, devised, in trust, for my said daughter; and I further declare and direct that my said daughter shall have the right to occupy the said house on Brown Street, or to direct the said trustees to rent the same, for such lengths of time, and to such parties, from time to time, as she may in writing request or direct. And my will is, that upon the decease of my said daughter, leaving no heirs of her body, the said Brown Street estate shall be held by my said trustees, subject to all the provisions, powers, conditions, limitations, and obligations as are provided and declared in the original bequest to my said daughter, and subject to the final disposition of the rest and residue of my estate, as is hereafter provided.

" I give, devise, and bequeath to the said William M. Bailey and William Grosvenor, Junior, the trustees hereinbefore named, their heirs, executors, administrators, and assigns, my one twenty-fourth part of the Phillipsburg estate, situate in Tyronne and Clearfield

Counties, in the State of Pennsylvania, which was purchased of J. M. Hale and others, and paid for by me out of my share of the income derived from my late husband's estate, in trust, for my son, John Carter Brown, subject to all the powers, provisions, obligations, and trusts expressed and declared hereinafter, concerning the moiety of the rest and residue of my real and personal estate, devised to the said trustees, in trust, to and for the use of my said sons, John Carter Brown and Grenville R. Brown.

"I give, devise, and bequeath to the said William M. Bailey and William Grosvenor, Junior, trustees, hereinbefore named, their heirs, executors, administrators, and assigns, all my interest and estate in the Whitman Block estate, situate at the junction of Westminster and Weybosset Streets, in the city of Providence, being one undivided ninth part thereof, which I purchased of my son, Grenville R. Brown, in trust, for my son, Grenville R. · Brown, subject to all the powers, provisions, trusts, and obligations expressed and declared hereinafter, concerning the moiety of the rest and residue of my real and personal estate, devised to the said trustees, in trust, to and for the use of my said sons, John Carter Brown and Grenville R. Brown, excepting that the said one ninth part of said Whitman Block estate shall not, during the life of my said son, Grenville R. Brown, be mortgaged or sold for any purpose whatsoever; and in case it should become necessary or desirable, in the opinion of my said trustees, or their successors in said trust, to build upon or improve said estate, then it shall only be so built upon and improved out of the other portion of the rest and residue of my estate hereinafter devised, in trust, to and for the use of my said son, Grenville R. Brown.

"And as to and concerning the moiety of the rest and residue of my real and personal estate not before devised, in trust, for my daughters, Ann Mary B. Hawkins and Caroline M. C. Brown, I now give, devise, and bequeath the one half part of all and singular, my real and personal estate, whatsoever and wheresoever, at the time of my decease, including all real estate hereafter acquired, unto the said William M. Bailey and William Grosvenor, Junior, the trustees hereinbefore named, their heirs, executors, administrators, and assigns, according to the nature and quality thereof

respectively, in trust, nevertheless, and to and for the ends, interests, and purposes hereinafter expressed and declared, of and concerning the same ; to get in and receive the same, and to take full possession thereof, and as it may be necessary, or in the opinion of my said trustees be expedient, convert into money, by sale, lease, mortgage, or hypothecation, the whole or any part thereof, excepting the one ninth part of the Whitman Block estate, devised in trust for the use of my son, Grenville R. Brown, whether the same shall consist of real or personal estate, and to lay out and invest the monies to arise from any getting in, conversion, sale, lease, mortgage, or hypothecation of real or personal estate, in real estate improved or unimproved, or in improving real estate, or in good bonds, stocks, or mortgages of real, personal, or other estates or property, with power of varying or transposing such investments, in their discretion, and generally to manage and order all the affairs and business relating to all the said trust property ; and as often as once in every six months, or oftener in their discretion, to pay the net income of said moiety of the rest and residue of my real and personal estate, not otherwise specifically devised, to my said sons, John Carter Brown and Grenville R. Brown, in equal shares, for their respective lives; and after their respective deceases, either before or after my decease, then upon trust, for such of the children of my said sons, respectively, as shall attain the age or respective ages of twenty-one years, or shall die under that age, leaving lawful issue living, at his, her, or their deceases or respective deceases, and his, her, or their heirs and assigns forever, if more than one, as tenants in common, but so, nevertheless, that the respective child or children of each of my said sons shall have his, her, or their parents' share, or respective share, only.

" And as to such survivor or survivors of the children of my said sons, I declare that my said trustees shall, during the minority of such survivor or survivors, pay the income to which their parents would have been entitled, if living, in the discretion of my said trustees, to him, her, or them, in equal shares, upon his, her, or their own receipts, or to any guardian, or other person acting as such, whether by appointment or not. Or my trustees may, in their discretion, apply said income from time to time, as occasion

may arise, according to the respective shares thereof, as hereinbefore stated, to the comfortable support and education of such survivors respectively, having due regard to their age, health, position, and condition in life. And for such disposition or application of said income this clause in my codicil to my last will and testament shall be their full and sufficient authority, indemnity, and discharge.

"And if either of my said sons should die without leaving any child, who shall survive me, and live to attain the age of twenty-one years, or die under that age, leaving issue living at his or her decease, then, as.to the moiety or share of him so dying, in trust, for the other of my said sons, during his life, to be held subject to all the provisions of the trust, as applicable to the other moiety of said half part of the rest and residue, held in trust, for the other of my said sons, and after his decease, for his child or children, in the same manner in all respects as his original share. And if neither of my said sons should have a child, who shall survive me, and live to attain the age of twenty-one years, or die under that age, leaving issue living at his or her decease; then, as to the whole of said last mentioned trust premises, in trust, for my said daughters, Ann Mary B. Hawkins and Caroline M. C. Brown, subject to all the provisions, powers, conditions, obligations, discretions, and trusts, as are provided in my said original will, respecting the half part of, all the rest and residue of my real and personal estate, devised in trust, for my said daughters respectively.

"Provided also, that if my said sons, respectively, should alienate or dispose of the income to which they are respectively entitled under the preceding trusts; or if by reason of the bankruptcy or insolvency of my said sons respectively, or by any other means whatsoever, the said income can no longer be personally enjoyed by my said sons respectively, but the same or any part thereof shall, or but for this provision would, belong to, or become vested in, or payable to some other person or persons, then the trusts hereinbefore expressed, concerning the said income, or concerning so much thereof as should or would have so become vested in, or payable to, any other person· or persons, other than my said sons respectively, as aforesaid, shall immediately thereupon cease and

determine. And the same income shall be applied by my said trustees, during all the then residue of the life of my said sons respectively, in manner following, that is to say, upon trust, to pay and apply the said income, or such part thereof, as aforesaid, to and for the support and maintenance, or otherwise for the use and benefit of the wife, child, or children, of my said sons respectively, or such one or more of such wife, child, or children, and in such manner as my trustees may, in their discretion, think proper ; and as to such wife, for her sole and separate and inalienable use. And in default of any object in the last mentioned trust, at any period during the life of my said sons respectively, and when and so often as the same shall happen, then upon trust from time to time, as long as such vacancy or want of objects shall continue, to accumulate, and invest the income aforesaid, in augmentation of the principal or capital thereof, in the nature of compound interest, with power of changing investments, as hereinbefore expressed. And in case at any time after my decease such accumulation should cease to be lawful, then, upon trust, to apply the said annual produce and income, or such part thereof as may not legally be accumulated during said want of objects, as aforesaid, in such and the like manner as the same would be applicable, under the ulterior trusts of my original will and this my codicil to said original will.

" Provided also, that in case after the cessation of said income, as to my said sons respectively, otherwise than by death as hereinbefore provided for, it shall be lawful for my said trustees, in their discretion, but without its being obligatory upon them, to pay to, or apply to the use of my said sons respectively, or for the use of such of my said sons and his wife and family, so much and such part of the income, to which my said sons, respectively, would have been entitled, under the preceding trusts, in case the forfeiture hereinbefore provided for had not happened.

" And I declare, and my will is, that in the event of the death of my grandson, Nicholas Brown, leaving no lawful issue living at the time of his decease, who would, under the provisions of my said original will, be entitled to the said trust property, both real and personal, then one half part of said trust property, both real and personal, shall remain in my said trustees, to be held by them,

under the same trusts as are provided in my said original will, for one half part of the rest and residue of my estate, real and personal, and given, in trust, for my two daughters aforementioned, Ann Mary B. Hawkins and Caroline M. C. Brown, and the other half part thereof shall be held by my said trustees under the trusts created by this my codicil, for one half of the rest and residue of my estate, both real and personal, and given in trust for my two sons aforementioned, John Carter Brown and Grenville R. Brown, and in each case subject to all the limitations, provisions, powers, conditions, discretions, obligations, and trusts as are provided in my said original will and in this my codicil, and applicable to the trusts created for my said sons and daughters respectively, in every respect whatsoever.

"And in case of the failure of all the objects of the several trusts, created by my said original will and this my codicil, by death or otherwise, or the failure of issue of either or all of my said children, then, and in that case, I declare that all the then remaining property, both real and personal, in the several trusts created in my original will and in this my codicil, shall vest in, and be distributed to, the persons who, for the time being, shall be entitled to the same, under the statute laws of the State of Rhode Island then in force regulating the distribution of intestate estates.

"And I further declare, and my will is, that any vacancy or vacancies occurring in any trusteeship under this my codicil, by death during my lifetime, or afterwards by disclaimer, resignation, residence abroad, refusal to act, or incapacity, may be supplied in the same manner and with the same effect, in every respect whatsoever, as often as such vacancy shall happen, as is provided for the succession to the trustees under the provisions. of my said original will, and such succeeding trustees shall have all the powers given to my said trustees under my said original will and this my codicil, and shall be subject to no other or greater liability than is provided in the said original trusts, for my said grandson, my said two daughters, and my said two sons respectively.

"And I further declare that I mean and intend by the term 'Plate,' used in my original will, solid silver, and not silver plated ware.

" I appoint William M. Bailey and Marshall Woods executors of my will, subject to the modifications contained in this my codicil.

" I hereby ratify and confirm, as my last will and testament, my will dated the twenty-seventh (27) day of March, A. D. one thousand eight hundred and sixty-nine (1869), and all other wills and codicils thereto, heretofore by me made, I hereby revoke and annul.

" In witness whereof I have hereunto set my hand and seal, this        day .of December, in the year of our Lord one thousand eight hundred and seventy-four (1874).

" CAROLINE M. BROWN, $\left\{ \begin{array}{c} \text{C. M. B.} \\ \text{SEAL.} \end{array} \right.$

" The above written codicil to the last will and testament of the above named testatrix, Caroline Matilda Brown, was signed, sealed, published, and declared by her, as and for a codicil to her last will and testament, in the presence of us, being all present at the same time, who at her request, in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses.                                       " WM. H. TAYLOR,
                                          " WM. W. PAINE,
                                          " W. R. JOHNSON."

The questions submitted to the court are as follows :

1. At what time, under the provisions of said will and as against the residue of the estate, is the said fund of twenty thousand dollars to be considered in law as carried out and separated from the said residue, and whether such fund should not be charged, with its proportion of taxes, from such time ?

2. At what time, as against said residue, is the interest or increase of said fund of twenty thousand dollars to begin to accumulate to the increase of said fund of twenty thousand dollars ?

3. Whether as against said residue, prior to the actual investment of said sum of twenty thousand dollars, interest is to be allowed upon the same to the increase of the same, and if so, at what time said interest is to begin, and at what rate it is to be computed ?

4. At what time shall the interest or income of said residue,

under the provisions of said will and codicil, begin to run for the benefit of the *cestuis que trustent* whose interests are for their respective lives?

*February* 1, 1882. DURFEE, C. J. This is a case stated for the opinion of the court in regard to certain questions arising under the will of the late Caroline M. Brown. The will, after several specific bequests and dispositions, gives the residue of the estate, real and personal, to trustees on certain trusts, one of which is to set apart and invest the sum of $20,000, the income of which, subject to a certain life annuity, is to accumulate until a grandson of the testatrix arrives at twenty-one years of age, and then to be paid, along with the income of the accumulations, to him for life. If the grandson dies before he arrives at the age of twenty-one, the fund and its accumulations are given over to other persons. The remainder of the residue is to be on trust equally for the children of the testatrix for life, with remainders over.

The first three questions relate to the fund of $20,000, and are put for the purpose of ascertaining how and when the fund shall be chargeable with taxes, and how and when it shall draw interest or be entitled to participate in the income of the residue.

We do not discover anything in the language of the will which indicates that the testatrix intended that the trust for $20,000 should be less favored in the matter of income or interest, or more favored in the matter of taxes, than the other trusts of the residue. The life annuity for Clements charged on it indicates the contrary. We are of the opinion that in these respects all the trusts stand on the same footing, and consequently that the trust of $20,000 shall participate proportionately with the other trusts in the income of the residue, and bear proportionately the burden of the taxes, until such time as it shall be actually carried out and separated from the rest of the residue, after which time, of course, it will have its own income and pay its own taxes.

So much of the residue as consists of real estate passed, of course, under the will directly to the trustees, and it will remain in them unless needed by the executors for the payment of the debts. It will be their duty to collect the income and profits thereof, and, after paying taxes and expenses, to appropriate the net income proportionately among the trusts, until the trust of

$20,000 is actually established, after which it will be apportionable equally among the children of the testatrix.

In regard to the residue of the personal estate our first impression was that the *cestuis que trustent* for life would have to wait until it passed to the trustees before they could have the income of it. We are convinced that this view, which we saw all along was liable to serious objections, is erroneous. The cases to which our attention has been directed make it very clear that the income, less the charges mentioned below, if not needed for the payment of the debts, should pass to the trustees as income, and be apportioned by them, in the manner above indicated, for the apportionment of the net income of the real estate. *Minot* v. *Amory*, 2 Cush. 377, 382; *Lovering* v. *Minot*, 9 Cush. 151; *Sargent* v. *Sargent*, 103 Mass. 297; *Hewitt* v. *Morris*, 1 Turn. & R. 241; *Cooke* v. *Meeker*, 36 N. Y. 15; *Hilyard's Estate*, 5 W. & Serg. 30.

The rule and the manner in which the rule is to be practically applied are laid down with great clearness in *Lovering* v. *Minot*, 9 Cush. 151. The court there holds that the *cestuis que trustent* for life are entitled to the whole income unless needed for the payment of debts. The court, however, says that while this is so, the executors may properly retain the accruing income until the estate is settled, because until then it may not be conclusively ascertainable that it will not be needed. The court adds that when, after the estate has been settled, the executors pay over the residue to the trustees, it will be their duty to render an account showing how much of it is accrued income and how much original capital, and it will be the duty of the trustees thereupon to divide the interest among the *cestuis que trustent* for life and invest the capital as a permanent fund. We think the rule as so applied should be qualified in two particulars: namely, by making the income chargeable, first, with the taxes on the personal estate; and, second, with interest, accruing after the end of the first year after letters testamentary are granted, on all debts remaining unpaid; for otherwise the income would profit, and might very unfairly profit, by the delay of payment at the expense of the capital. With these qualifications we approve the rule as applied, and adopt it.

In the statements of opinion above given we have in effect an-

swered the fourth and only other question, which is, From what time shall the income or interest of the residue run for the benefit of the *cestuis que trustent* for life other than the grandson ?

*Thomas C. Greene*, for petitioners.