## FRANCIS EDELEN *vs.* STATE, use JACKSON, *et ux.*

The act of 1818, *ch.* 217, declares, that moneys received for the hire or use of negroes, by an executor or administrator, during the time he is entitled to the possession, shall be assets belonging to the estate, and shall be accounted for by him. And such was the law before the passage of that act.

The act of 1798, having made negroes assets, the hire after the death of the owner became assets also. It was an incident springing out of assets, and partook of their nature. It is like the interest arising after the death of the obligee, in a bond given to him in his life time.

Edelen *vs.* State, use of Jackson.

In an action upon an an administration bond, where the breach assigned was an inventory returned by the administrator, and after sundry disbursements made, there remained a balance of said inventory in the hands of the administrator to be distributed, of which the plaintiff claimed one-fourth as distributee, and the issue was made up upon the truth of such breach, the plaintiff cannot insist upon charging the defendant with any thing not in the inventory, and of course, the hire of negroes, which accrued after the date of the inventory, could not be recovered in such a state of the pleadings.

Where a prayer necessarily raises a point in the County Court, it will be reviewed in this court, under the act of 1825, though under the state of the pleadings, the point ought not to have arisen at all.

Appeal from *Prince Georges* County Court.

This was an action of *Debt*, instituted by the appellee, against the appellant, on the 10th of September, 1825, on the bond of the administrator *de bonis non*, of *Edward Edelen of Thomas*, dated May 24th, 1827, in which the appellant was a surety. To the plea of general performance, by the defendant, the plaintiff replied that a certain *Edward Edelen of Thomas*, of *Prince Georges* county, deceased, departed this life, at the county aforesaid, intestate, leaving behind him his wife *Mary W. Edelen*, and four children, of whom *Mary W. Edelen*, since married to the said *John S. Jackson* was one, at whose request this bond was put in suit; after whose death the said *Mary W.* the widow and relict of the said *Edward Edelen of Thomas*, had letters of administration granted unto her, on her said deceased husband's estate; and returned an inventory of her said husband's estate, into the office of the *Register of Wills* of the county aforesaid, amounting to the sum of $5,951 64¾; and the said State, by its said attorney, further says, that afterwards, and before any account was passed, or further proceedings had, by the said *Mary W.* as administratrix, as aforesaid, she departed this life, and letters of administration *de bonis non*, were by the Orphans Court of said county, granted to the said *Jeremiah Edelen* and *Jacob Edelen*, on the estate of the said *Edward Edelen of Thomas*, who on the 24th day of May, 1827, entered

into bond to the *State of Maryland*, in the sum of 16,000 dollars, current money, with the said *Francis Edelen*, and one *Richard L. Jenkins*, of said county, their sureties, for the due administration of their trust, as administrators as aforesaid, and returned an inventory of the estate of the said *Edward Edelen of Thomas*, which came to their hands as administrators as aforesaid, into the office of the *Register of Wills* of the county aforesaid, amounting to the sum of $6,437 33½, and made several payments and disbursements out of the said estate, amounting to the sum of $420 57½; so that there remains a balance of $6,016 76, in the hands of the said administrators, to be divided between the representatives of the said widow, and the said four children, whereof the representatives of the said widow were entitled to one-third, and the said State by its said attorney, in fact says, that the residue of the personal estate of the said *Edward Edelen of Thomas*, in four parts to be divided, among his four children, after payment of just debts, funeral expenses, and widows' thirds deducted, amounting, to each to the sum of $1,002 79½, belonging to the said *Mary W.* wife of the said *John S. Jackson*, in the endorsement of the said writ mentioned, as one of the daughters and distributees of the said *Edward Edelen of Thomas*, which said sum of $1,002 79½, or any part thereof, the said *Jeremiah Edelen* and *Jacob Edelen*, nor either of them, although often required, have not paid, &c.

The defendant rejoined, that the several matters and things in the said replication set forth, are not true, &c. Issue joined.

At the trial of this cause, the plaintiff gave in evidence, the first two settlements, made in the Orphans Court, by *Jeremiah* and *Jacob Edelen*, as administrators of *Edward Edelen of Thomas*. The first account, dated 6th of March, 1820, and proved 9th of August, 1825, stated a balance due from them to the estate of $6,230 63; and the second account, dated and proved the 9th of August, 1825, stated a balance due from them of $4,145 19. The defendant

then read to the jury an additional account, passed by the said administrators, in the Orphans Court, on the 17th of October, 1827, by which the balance against them was reduced to \$1,401 13. And the plaintiffs then proved, that the negroes mentioned in the inventory, were employed, and worked by the administrators, from the death of the intestate, until 1824, and claimed the hire of the said negroes, to be charged against the administrators, at such price as the jury might think them worth, from the time they took them into possession as administrators as aforesaid, until they parted with them, in addition to the sums charged in their account, in the Orphans Court, to which the defendant, by his counsel objected; but the court allowed the said claim. The defendant excepted, and the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, and ARCHER, J.

*Stonestreet*, for the appellant.

1. The defendant was not chargeable with the hire of the negroes, contained in the inventory, under the plaintiff's replication. 1 *Stark. Ev.* 387. 2. The hire of the negroes in this case, is not assets,—the administration having commenced prior to the act of 1818, *ch.* 217.

*J. Johnson*, for the appellee.

ARCHER, J., delivered the opinion of the court.

It was determined by this court, in the case of *Hall vs. Griffith*, 2 *Harr. and Johns.* 485, that an administrator was bound to account in the Orphans Court, for the hire and use of negroes; and his liability as administrator being thus ascertained, it follows, that he and his sureties are liable on his bond for a failure, in this respect, to discharge his duties. This decision does not declare, in express terms, the responsibility of the administrator, in this respect, to arise at any particular period, whether from the

session, shall be assets belonging to the estate, and shall be accounted for by him.

- But the decree in the case above referred to, does not leave any room to doubt, but that before the law of 1818, *ch.* 217, the administrator was liable for the hire and use of negroes, previous to the time allowed him by law, to pass his final account; because the court there adjudged, that he should account for the hire and use, without any limitation, or restriction, as to time. Had the law been otherwise, the decree would have ascertained the period, when the administrator's liability commenced. The act of 1798, having made negroes assets, the hire, after the death of the owner, became assets also, for it was an incident, or profit springing out of that, which was declared assets, and partook of its nature and character in the same manner, as would the interest arising after the death of the obligee, in a bond given to him, in his life time. The administrator would be justly chargeable for the use of the negroes, if such charge were within the issue to be tried. But there is no issue joined, which brings this question before the jury. The sole question, to be tried under the pleadings, was, the verity of the plaintiff's replication, which alleged an inventory returned by the administrators *de bonis non*, and that after sundry disbursements made, there remained a balance of said inventory, in the hands of the administrators, to be distributed, and that the plaintiff, as one of the distributees, was entitled to one-fourth part thereof. The plaintiff, upon this state of the pleadings, could not insist on charging the defendants, for any thing which was not contained in the inventory ; because, nothing beyond that was claimed ; and of course, the hire of the negroes, which had been accruing from the date of the inventory, could not become the subject of inquiry, and of charge in this suit. But it is supposed, that the act of 1825, *ch.* 117, precludes an inquiry into the correctness of the prayer, upon the ground, that the attempted charge is not within the issue ; that act, shutting out an investigation

into any point not presented to the court below.    But we conceive, that the prayer necessarily raised this point in the court below ; for the plaintiff's claim, that the defendants should be charged for this use, in addition to the sums charged in their accounts in the Orphans Court; or in other words, that they should be charged with this sum, over and above the amount of the inventory, as returned and charged in their accounts; which presented the question, not only, of the general liability of the administrators to such a charge, but their responsibility under the forms of pleading adopted.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.

N. B. This case was decided in 1829, and accidentally omitted to be reported at that time.