Horace B. Sargent, executor, *vs.* Letitia S. Sargent
& others.

A testator, who died in June 1867, by his will directed that certain United States bonds in his possession should be sold, as soon as might be after his decease, and the avails paid over to a trustee, in trust to pay the interest thereof to L. during her life, and the principal at her death to her children. Attached to the bonds were coupons for interest, payable semiannually in May and November. The executor collected and retained the amount of the coupons which fell due in November 1867, May and November 1868 and May 1869; and in October 1869 sold the bonds with the coupons then not fully due attached, and paid the avails to the trustee. The delay in the sale was caused by adverse claims, and not by any fault of the executor or beneficiaries. On a bill in equity by the executor, for instructions, against L. and the children, *Held,* that the amount of the four coupons collected by the executor was payable as income to L., after deducting therefrom the costs of all parties as between solicitor and client.

Gray, J. The executor of the will of Lucius M. Sargent prays the direction of this court, sitting in equity, as to the construction and effect of the following clause in the will :

" I will and direct that twenty bonds of the United States, of one thousand dollars each, now in my possession, be sold, as soon as may be after my decease, and the avails paid over to the Massachusetts Hospital Life Insurance Company, in trust to pay the interest thereof annually to Letitia S. Sargent, wife of Lucius M. Sargent, Junior, during her natural life, and the principal at her death to his children, share and share alike."

Lucius M. Sargent, Jr., died before the testator; and his widow and children are the defendants in this suit.

The testator died, and his will was proved, in June 1867. A demand was afterwards made, and on the 9th of November 1867 a bill was filed, in behalf of his widow, claiming these bonds as her property; and that bill, after a full hearing, was dismissed on the 23d of September 1869, upon the ground that the bonds were the property of the testator. *Dunn* v. *Sargent,* 101 Mass. 336.

The bonds had coupons attached, for three per cent. interest each, payable in gold semiannually, on the first days of May and November. The executor from time to time collected, and has retained in his hands, the amount of the interest on the coupons which fell due on the first day of November 1867,

the first days of May and November 1868, and the first day of May 1869; and on the 9th of October 1869 sold the bonds, with the coupons not fully earned attached, for the sum of $23,949.60, and paid that amount to the Massachusetts Hospital Life Insurance Company, upon the trust set forth in the will.

The manifest intention of the testator was, that this fund should be kept apart from the residue of his estate, for the purpose of securing an annuity for his son's widow during her life, and a provision for their children after her death; and that the manner of carrying out this purpose should be by forthwith converting the bonds into an investment with the trust company named in the will.

The delay in making the sale of the bonds and investment of the proceeds was not contemplated by the testator, nor owing to any fault of the executor or the beneficiaries, but was rendered necessary by an adverse claim to the whole fund, and by the suit brought to assert that claim, pending which the executor could not safely proceed to invest the fund according to the will, because, if the adverse claim should prevail, the fund would be ascertained not to have been subject to the disposal of the testator.

In the case of a bequest of a residue in trust to be sold as soon as may be and invested in a particular kind of security, and the income paid to one person for life, and then the principal to others, without any direction that such investment shall include intervening income by way of accumulation, it is now, after much variety and conflict of opinion, well settled in England, that the tenant for life is entitled to income from the death of the testator; that the conversion from one form of security to another, if not made sooner, is to be taken as if made at the end of one year from the testator's death; and that the tenant for life is to receive the income computed accordingly from that time, and the income of the actual investment for the first year, if in public funds or such other securities as a trustee might lawfully invest in. *Angerstein* v. *Martin,* Turn. & Russ. 232. *Hewitt* v *Morris,* Ib. 241. 2 Spence Eq. 558–568. *Macpherson* v. *Mac pherson,* 1 Macq. 243, 249–252. *Brown* v. *Gellatly,* Law Rep 2 Ch. 751.

In this court, the general rule is established, that the tenant for life is entitled to the income of a residue given in trust, from the time of the testator's death; because any other rule would take away the income from the tenant for life, and apply it to the increase of the capital for the benefit of the remainderman. *Lamb* v. *Lamb*, 11 Pick. 371. *Minot* v. *Amory*, 2 Cush. 377, 388, 389. *Lovering* v. *Minot*, 9 Cush. 151, 157. The rights of the tenant for life certainly can be no less in a special fund set apart by the testator than in a residuary bequest. The necessary delay in carrying out the secondary and incidental intention of the testator, as to the form of investment, should not be allowed to defeat his primary intention, as to the immediate benefit of the fund.

The securities in which the testator left the trust fund invested, as well as those into which he directed it to be converted, would produce a safe and regular income in money, and were such as a trustee might lawfully invest in, unless controlled by express directions. The income received by the executor before the conversion was equivalent to an interest of six per cent. on the principal, and payable in money. The case, as presented to the court, shows no such difference in kind or amount of income upon the two forms of investment, as should prevent the income thus actually received by the executor from being paid to the tenant for life.

The coupons or dividends on the bonds of the United States were made payable by law at certain times; and the whole of each belonged to the person entitled to the income at the time when it fell due, without apportionment. *Pearly* v. *Smith*, 3 Atk. 260. *Wilson* v. *Harman*, 2 Ves. Sen. 672; *S. C.* Ambl. 279. *Wiggin* v. *Swett*, 6 Met. 194.

The effect of the application of the general rules of law to this case is in harmony with those prescribed in the Gen. Sts. *c.* 97, §§ 23, 24, by which it is declared that, when an annuity or the income of any fund is bequeathed to or in trust for a person for life or until the happening of a contingent event, he shall be entitled to the same from the death of the testator, unless otherwise provided in the will, or required for the payment of debts

or preferred allowances; and that, if such person dies or such contingent event happens in the midst of a year, the annuity or income for the current year shall be apportioned, unless otherwise provided in the will. The first of the rules thus declared accords with the conclusion that the tenant for life is entitled to the income of the fund from the death of the testator; and the second does not cover any time before the testator's death, nor affect a case of a change of investment during the life of the person entitled to the income. In such a case, the tenant for life will be entitled on the next day of payment to the income then received from the new investment.

The result is, that the amount of the four coupons, received by the executor while he held the bonds — deducting, of course, the reasonable expenses of this suit, including the costs of all parties, taxed as between solicitor and client — is to be paid to Letitia S. Sargent. *Decree accordingly.*

*H. W. Paine,* for Letitia S. Sargent.

*R. D. Smith,* for the children of Lucius M. Sargent, Jr.