OLIVER P. MERRYMAN, Executor of RICHARD D. LONG
*vs.* CATHARINE LONG.

*Leasehold property assets in hands of Executor—Interest of
legatee or distributee subject to rights of Creditors—Legatee
has no vested estate until Administration completed—Appli-
cation of Income to Save Corpus of Estate.*

R. D. L. bequeathed all his property, after the payment of his debts, to O. P.
M. in trust for the use of the widow of said R. D. L. for life, so that she be
permitted to hold and enjoy the said property, and the rents, issues, interest
and income thereof, after the payment of all ground rents, taxes, insurance,
repairs and expenses upon said property, and after her death in trust for the
testator's grand-children. Said O. P. M. was appointed executor of the
will and proceeded to administer the estate. The property of the testator
consisted chiefly of improved leasehold estate, from which income was
received by the executor during the first year of his administration, and
applied by him to the payment of the funeral expenses of deceased, debts
and costs of administration. The executor filed his first administration
account showing how the income had been applied, and the widow
thereupon filed her petition claiming that she was entitled to receive the
income of the testator's estate from the time of his death, and praying that
the said administration account be set aside. HELD:

1st. That the property being leasehold it devolved on the executor and was
held by him subject to the rights of creditors.

2nd. That the widow had no vested estate in the property until the adminis-
tration had been completed and the estate settled.

3rd. That as between the legatee for life, and the creditors, the latter were
entitled to claim that their debts should be paid out of the assets in the
hands of the executor before any part thereof should be paid to the former.

4th. That the income of the estate for the first year was assets in the hands of
the executor and the application thereof to the payment of debts and ex-
penses, in order to save the *corpus* of the estate, was equitable, in accord-
ance with the due and proper course of administration and for the interest
of the widow of the testator.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Bernard Carter,* for the appellant.

Inasmuch as by the terms of the will, the estate of the testator is given in trust for the appellee for life, *only after the payment of the debts* of the testator, the executor was obliged to retain the estate till these were paid ; and he was therefore compelled to retain the estate for a year, the income *for that* year was properly applicable to the payment of said debts.

Why sell the *corpus* of the estate, probably at a sacrifice, when the income for the first year would go far, if not entirely, to *extinguish* these debts. *Evans vs. Iglehart,* 6 *Gill & J.,* 191 ; *Angerstein vs. Martin,* 1 *Turner & Russell,* (12 *Eng. Ch. R.,*) 240 ; *Hewitt vs. Morris, Ibid,* 241 ; *Pearson vs. Pearson,* 1 *Sch. & Lefr.,* 10 ; *Sullivan vs. Winthrop,* 1 *Sumner,* 14, 16 ; *Bitzer, Ex'r vs. Hahn,* 14 *Serg. & R.,* 239 ; 2 *Williams on Ex'rs,* 1488, 1490, (*bottom page* 1387, 1389 ;) *Budd vs. Garrison,* 45 *Md.,* 420.

Until the suit against the estate mentioned in the answer of the executor is decided, the widow is not entitled to have the income paid to her.

Nor should any sale of the *corpus* of the estate be made and the proceeds set apart to meet this claim, until said suit is decided. The suit may be decided in favor of the estate, and then no sale would be necessary. *Dugan vs. Hollins,* 11 *Md.,* 80.

The taxes due on the property, though unpaid at the death of the testator, must be paid out of the income before any part is paid to the appellee.

*Henry Stockbridge*, for the appellee.

In this case the testator expressly abstained from any attempt to make any devise except out of his net estate. He says : *"After my debts are paid*, I devise, &c.'' But there was but one way by which his debts could be paid. That was by using the money of the estate, if any came into his executor's hands, for that purpose, and if none was in his hands, to obtain money by which it could be done by a sale, under the authority of the Court, of so much of the assets of the estate as would suffice for their payment. Neither the testator nor the executor had the right to require, under any circumstances, that the creditor should wait till the income of property or investments would extinguish the debt. The testator could make no provision for the payment of his debts save out of his property, and if attempted, no Court could give its sanction to any attempt to hinder or delay, any more than it could to an attempt to defraud, his creditors. There must be some general and fixed rule on this subject, and none can be laid down, save that debts must be paid from that which is in existence, not from expectations. The rule was correctly laid down in a case precisely similar, in which the learned Judge said :

"The will of a decedent speaks as of the moment of his death, and the estate which it creates, unless therein otherwise provided, vests at law or in equity at that time. The only personal estate of which he can dispose by will, or which, in the absence of a will, is distributable by the law amongst his next of kin, is the surplus after the payment of his debts, and of the expenses of his burial, and of the costs of the administration. A bequest of his whole estate without any express provision for such payment of debts and expenses, can operate as a bequest of no more than this surplus or residue. By means of what are distinguished as specific, pecuniary and demonstrative legacies, or any of these, he may, *as among the objects of his*

*bounty,* exempt the particulars of his property so disposed of, from liability for the payment of debts and expenses, leaving the burden of these to fall upon those particulars not so disposed of, or at least postpone the liability of the former until the capacity of the latter has been exhausted. In this latter case a bequest of the residue of the estate in its technical and strict sense, is a bequest of what shall be left after the payment or delivery of such specific, pecuniary and demonstrative legacies, in addition to the payment of debts and expenses ; while in a case where there are no such specific legacies, a bequest of the residue in express terms, is a bequest of all that is not consumed in the payment of debts and expenses ; in other words, of all that is really *his,* and at his disposal, and does not differ in effect, therefore, from a bequest of his whole estate. Under such a bequest the legatee becomes entitled, at the death of the testator, to all the property of whatever kind, left by the testator, or of which he died seized and possessed, except so much as will pay and satisfy the debts and expenses. His right to *possession and actual enjoyment* is indeed postponed for a year from the granting of administration, in order to give time for the administrator to gather in the assets, and to ascertain and pay the debts. And to enable him effectually to do these things, the legal title and estate of the testator, or whatever title and estate he had, devolves upon, and for the necessary interval is vested in him, but he holds the whole, beyond the amount of the debts and expenses, in trust for the legatee. There is no rule of law which makes the *income* of this surplus, *which is the legatee's,* chargeable with the debts and expenses. The interval of twelve or thirteen months as the case may be, is not allowed as an opportunity for the accumulation of a fund for the payment of debts and expenses out of the income accruing and receivable during this interval. There is nothing in the law which gives color to the assumption of such a rule. On the contrary, the statute

seems to conform to the view we have taken of the rights of the parties, to wit: that so much of the *corpus* of the property which the decedent had *when he died*, shall be devoted to the payment of the debts, &c., and the residue, with its accumulations shall go to the legatee, &c. If the decedent leave money in sufficient amount for the purpose, the executor, &c., is to apply this for the 'discharge of the just debts and claims against the decedent.' 1 *Code, Article* 93, *section* 272. And only to supplement the deficiency of this, or to supply its lack, is the Court at liberty in this behalf to order a sale of specific chattels ; but if there be such lack or deficiency, a sale to the extent necessary must be asked for and ordered. A legatee *for life of the whole estate,* or what is the same thing in the result, such a legatee of the *residue*, is entitled to have from the administrator or executor all the income, interest, gain, increase or profits actually accruing *from and after the death of the decedent*, and collected by the administrator or executor ''

[The foregoing quotation was taken from the opinion of Judge INGLIS, in the case of *Coates, Ex'r vs. Brune, Ex'r*, then pending in the Orphans' Court of Baltimore City.—REP.]

That this is a settled rule of law is sufficiently plain, from the numerous cases collected in 2 *Williams on Executors*, 1207, 1254; *Garthshore vs. Chalie*, 10 *Ves.*, 13 ; 1 *Roper on Legacies*, 552 ; 2 *Redfield on Wills*, 215, (*Ed. of* 1876 ;) 1 *Jarman on Wills*, 758.

It was the manifest purpose of the testator, above all other things, to make provision for the needs of his wife, so long as she should live. She was the first object of his bounty. Everything that he had was given "for the use and benefit of my dearly beloved wife." No construction of the will gives effect to that intention, save one that is most advantageous to the appellee. A construction that requires her to pay the debts and expenses of the estate

out of her very limited income, which appropriates the first eleven hundred dollars of the income to that purpose, is one that leaves her without income, and dependent upon charity, and one that the Court will not give unless the terms of the will absolutely require it. So far from requiring it, the terms of the will demand the most liberal construction in her favor.

BARTOL, C. J., delivered the opinion of the Court.

Richard D. Long, deceased, by his last will and the codicils thereto annexed, bequeathed all his property after the payment of his debts to Oliver P. Merryman, in trust for the use of his wife for life, " so that she be permitted and suffered to hold and enjoy the same property and estate, and the rents, issues, interest and income thereof, after payment of all ground rents, taxes, insurance, repairs and expenses upon said property, to take, receive and apply to her own use and benefit, &c., and after her death, in trust for the testator's grand-children."

Oliver P. Merryman was constituted executor of the will, qualified as such, and proceeded to administer the estate.

The property of the testator consisted chiefly of improved leasehold estate, appraised at $7335, from which income was received by the executor, during the first year of his administration, which was applied by him to the payment of the debts of the deceased, the funeral expenses, and other expenses of administration. He passed his first administration account showing the manner in which the income had been applied.

The appellee, the widow of the testator, filed her petition objecting to the account, and praying that the same be set aside, claiming that under the will she was entitled to receive the income derived from the property from the time of the testator's death.

· The Orphans' Court decided in favor of the petitioner, and from its order the present appeal was taken. The question upon the appeal is whether, under the will, the income derived from the property during the first year, after letters testamentary had been granted, is properly applicable to the payment of the debts of the testator, or whether it was the duty of the executor, who was also trustee, to account to the widow for the income, and to sell a part of the *corpus* of the estate for the purpose of paying the debts.

Apart from any question of the payment of debts and expenses of administration, the widow would no doubt be entitled, under the will, to receive the income from the property from the time of the testator's death. *Anger-stein vs. Martin*, 1 *Turner & Russell*, (12 *Eng. Ch. R.,*) 232 ; *Hewitt vs. Morris, Ibid*, 241 ; *L. Terriere vs. Bulmer*, 2 *Sim.*, 18 ; *Sargent vs. Sargent*, 103 *Mass.*, 299 ; *Evans vs. Iglehart*, 6 *G. & J.*, 193. It appears however from the administration account, that the whole income collected by the executor during the first year was required for the payment of debts due by the *testator*, and the expenses of administration. In such case, it seems to us to be equitable, and according to the due and proper course of administration, that it should be so applied. Such income was unquestionably assets in the hands of the executor, in the same manner as would be hire of slaves, or interest on a bond received by him. *Edelen vs. The State,* 4 *G. & J.*, 277.

The property being leasehold devolved on the executor, and was held by him, subject to the rights of creditors. The bequest to the use of the widow was of the residue, *after the payment of the debts.*

It cannot be said that she had any vested estate in the property until the administration had been completed, and the estate settled, for which the law allows twelve months, if necessary, for that purpose. As between the legatee for

life and the creditors, it is very clear the latter were entitled to claim that their debts should be paid out of the assets in the hands of the executor, before any part thereof should be paid to her, and the income, which we have said constituted such assets, having been so applied by the executor, it seems to us the petitioner has no just cause of complaint.   She had no right to insist that the *corpus* of the estate should be sold to pay the debts, when the executor had in hand money sufficient for that purpose, collected from the rents of the leasehold property.   Nor does it appear to us that the course pursued by the executor inflicted any real injury upon the petitioner.   By the application of the rents and income to the payment of the debts, the *corpus* of the estate was relieved from that burden ; and as the petitioner is entitled to the income from the whole residue of the estate during her life, it was for her interest, as well as that of the parties entitled in remainder, that the *corpus* of the estate, from which her revenues are to be derived, should not be diminished by a sale of any part thereof, when a sale of the same was not necessary.

Being of opinion that the Orphans' Court erred in its decision, the order from which the appeal was taken will be reversed, and the petition of the appellee will be dismissed.

*Order reversed, and
petition dismissed.*

(Decided 24th July, 1878.)

A motion was made on behalf of the appellee for a re-argument of the foregoing case, or in the alternative for a modification of the order passed on the 24th of July, 1878.

The motion was disposed of by Bartol, C. J., Grason, Miller, Alvey and Robinson, J., as follows :

Merryman, Ex'r *vs.* Long.

By the Court.

A motion having been made by the appellee for a re-argument, or in the alternative for a modification of the order passed on the 24th day of July, 1878, we have again considered the case, and while we adhere to the opinion heretofore filed, we think the order ought to be modified.

It has been decided that under the will of Richard Long, the executor was entitled to receive the rents of the property accruing *during the first year* after letters testamentary were granted, and to apply the same to the payment of the expenses of administration and the debts of the testator.

It appears that the first administration account was passed on the 24th day of September, 1877, fifteen months and ten days after the letters were granted. In it the executor is charged with rents and income received; but the account does not specifically show during what period the income accrued; whether wholly within the twelve months or after that period elapsed.

Any part thereof accruing after the lapse of *twelve months*, the widow, the appellee, is entitled to receive, deducting therefrom the ground rents, repairs, &c., properly payable out of the same.

To afford the appellee an opportunity of producing proof in this respect, the petition ought to be retained, and the cause remanded; and for that purpose the order heretofore passed will be modified in so far as it dismissed the petition of the appellee, and the cause will be remanded for further proceedings in conformity with this opinion.

(Decided 27th March, 1879.)