CHARLES A. McDONOUGH & another, trustees, *vs.*
DAVID T. MONTAGUE, guardian *ad litem.*

Suffolk.    March 7, 1927. — May 21, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Trust,* Income to life tenant.

Trustees under a will which provided for certain annuities and that "if the income of my estate proves to be more than sufficient to pay the foregoing annuities, then I give such income as exceeds said annuities, to my said wife during her life," should not add to the principal of the estate income which accrued upon funds afterwards used for the payment of debts and expenses of administration, but such income should be paid to the testator's widow, there being nothing in the will which indicates an intention to make a change from the accepted rule that a tenant for life is entitled to the income from the time of the testator's death.

PETITION, filed in the Probate Court for the county of Suffolk on December 17, 1924, by the trustees under the will of Henry W. Bragg, late of Boston, for the allowance of their third account.

David T. Montague, Esquire, was appointed guardian *ad litem* for Ellen F. Bragg, the widow of the testator, who, by reason of age and infirmity, was legally incompetent to act in her own behalf and had no other legal guardian than Charles A. McDonough, one of the accountants.

Schedule A of the account contained the following item: "June 11, 1924. Proportion of income earned on moneys used to pay debts, administration expenses, etc. belonging to principal of residuary trust received from income $2,153.08."

Schedule E contained the following item: "June 11, 1924. Income cash transferred to principal being proportion of income earned on moneys used to pay debts, administration expenses, pecuniary legacies, etc. belonging to principal of the residuary trust $2,153.08."

The guardian *ad litem* objected to the transfer of this money to principal and contended that it should be paid to the widow as income.

There was an agreed statement of facts which included the following:

"This item of $2,153.08 is the only item which is in issue between the parties. It represents the amount carried from income to principal as the income earned by moneys used to pay debts and expenses of administration. It was computed as follows:

"The average daily balance of principal in the hands of the executors during the period of administration which was in this case 1,040 days was computed and found to be $131,-986.43.

"The actual net income received by the executors during the period of administration was $20,450.39. From this figure the average annual income over said period was computed and found to be $7,177.29. This average annual income was then divided by the average principal giving as a result the average annual rate of income earned by the estate in the hands of the executors during the period of administration, which was .054379.

"Each of the sums paid out by the executors for debts and expenses was multiplied by the number of days between the date of death and the date of its payment. The aggregate

of these extended amounts was divided by 365 to reduce it to a yearly basis and the annual rate of income determined as above described was applied to this figure, giving as a result the said item of $2,153.08. During the period of administration the income of the estate was in each year more than sufficient to pay the annuities."

The petition was heard by *Prest,* J., by whose order a decree was entered allowing the items as above described. The guardian *ad litem* appealed.

*D. T. Montague,* for the respondent.

*A. P. Lowell,* for the petitioners.

PIERCE, J. This case comes before this court on an appeal, by a guardian *ad litem* of a life tenant of a residuary income, from a decree of the Probate Court allowing the third account of the trustees under the will of Henry W. Bragg, deceased.

Henry W. Bragg left annuities to several persons, and provided by item six of his will that "if the income of my estate proves to be more than sufficient to pay the foregoing annuities, then I give such income as exceeds said annuities, to my said wife during her life." Upon the death of the widow and the annuitants, the residue of the estate was left to charitable corporations. The estate amounted to about $300,000, and the amount paid out for debts and expenses of administration was approximately $30,000. The income earned by the moneys used to pay debts and expenses of administration was $2,153.08. This income was transferred by the trustees from income account to principal account and added to the capital of the estate. The question at issue is, whether under the terms of the will the life tenant is entitled to receive the income of the estate in excess of the annuities, or is entitled to the income of only so much of the residue of the estate as passes to the trustees and forms the corpus of the estate.

There is nothing in the will which indicates an intention to make a change from the accepted rule that a tenant for life is entitled to the income from the time of the testator's death; *Minot* v. *Amory,* 2 Cush. 377, *Lovering* v. *Minot,* 9 Cush. 151, *Treadwell* v. *Cordis,* 5 Gray, 341, *Edwards* v.

*Edwards*, 183 Mass. 581, *Ogden* v. *Allen*, 225 Mass. 595; and there is nothing to indicate an intention that the life tenant should receive the net residuary income of the trust estate as distinguished from the income which the executor received during the administration of the estate and before it was turned over to the trustees.   On the other hand, a fair construction of the will leads to the conclusion that the testator intended that the whole income should be paid to his wife subjêct to the payment of the annuities.   *Shaw* v. *Cordis*, 143 Mass. 443, 446.   *Holgate* v. *Jennings*, 24 Beav. 623, 626.

*Decree reversed.*