ELMINA G. MORRIS and THOMAS S. MORRIS ET UX. V. EMMA MORRIS
WAGGONER ET AL.

(Filed 22 January, 1936.)

**1. Wills F h—**

Where a beneficiary under a will predeceases the testator, the devise
or bequest to such beneficiary lapses.

**2. Wills E g—**

A provision in a devise to a sister and brother that if either should
marry, their husband or wife should have no share or control of the prop-
erty, is inoperative, since the law in such instance would impose the right
of dower and curtesy, respectively, on their lands.

**3. Wills E b—Devisees held to take life estate with remainder in fee to
the survivor under the terms of this will.**

Testatrix devised all of her estate to a designated brother and sister,
"to use as they please so long as they live," and thereafter provided that
if her mother should survive either of the beneficiaries she should share in
the estate during her lifetime, and that the "last to survive shall share
all the estate to use as they please." Testatrix' mother predeceased
testatrix. There was no residuary clause in the will. It appeared that
testatrix and her brother and sister named in the will lived together on
the home place inherited from their father, until the brother married, and
that he then moved to adjacent land, and that testatrix and her sister,
both unmarried, continued to live in the home place, and that all three
worked together in maintaining the place and in defraying living expenses.
*Held:* Construing the will in the light of the facts surrounding the testa-
trix before, at the time of, and after making the will, the brother and
sister named in the will took a life estate in common, with remainder over
to the survivor, to the exclusion of other brothers and sisters of testatrix
and their children.

**4. Wills E a—**

In construing a will, the primary purpose is to ascertain the intent of
the testator as gathered from the instrument, taking into consideration
the attendant circumstances and the condition of testator and his family.

**5. Same—**

A devise will be construed to be in fee unless it is plainly indicated that
testator intended to convey an estate of less dignity. C. S., 4162.

**6. Same—**

Where a will is susceptible to two constructions, one disposing of the
entire estate and the other disposing of only a part, the courts will prefer
the construction disposing of the whole estate.

APPEAL by defendants (other than Lou C. Hester and her trustee)
from *Clement, J.,* at March Term, 1935, of FORSYTH. Modified and
affirmed.

*Manly, Hendren & Womble and Elledge & Wells for plaintiffs, appellees.*

*Parrish & Deal for defendants, appellants.*

SCHENCK, J. Elmina G. Morris placed a deed of trust upon certain of the property which is alleged by the plaintiffs to have been devised to her under the will of Cyntha Ann Morris. This deed of trust is held by the trustee to secure an indebtedness to Lou C. Hester. Question was raised by Mrs. Hester as to the sufficiency of her title. Whereupon the plaintiffs, as beneficiaries thereunder, instituted this action, alleging that said will gave to them a fee-simple title to the land involved, or, alternatively, a life estate in common therein, with remainder in fee to the survivor, and requested a construction of said will.

The defendants (other than Lou C. Hester and her trustee), who are the heirs at law of Cyntha Ann Morris, the testatrix, filed answer denying that said will gave to the plaintiffs any more than a life estate in the lands involved, and joined in the request for a construction.

The defendants Lou C. Hester and her trustee filed answer in which they, in effect, joined in the allegations and prayer for relief of the plaintiffs.

The sole question before the court was the construction of the will of Cyntha Ann Morris, which, stripped of the formal parts, is in the following words:

"Being of sound mind and knowing the uncertainty of life, I, Cyntha Ann Morris, do make my only and last will. I bequeath all my estate and future incomes to my brother and sister, Elmina G. Morris and Thomas S. Morris, to use as they please so long as they live. If either marry, their husband or wife shall not share or have any control over any of my estate whatever. If my mother, Eljatha A. Morris, is the longest to survive of these two beneficiaries, she shall share all of my estate her lifetime, after all my expenses and just and honest debts are paid. The last to survive shall share all the estate to use as they please."

The plaintiffs Elmina G. Morris and Thomas S. Morris contend that the will should be construed so as to declare that they "are the owners in fee simple of the property referred to, . . . or, alternatively, that they are the owners of a life estate in said property with the remainder in fee to the survivor."

The appealing defendants, on the contrary, contend that the will should be so construed as to declare that the plaintiffs, "Elmina G. Morris and Thomas S. Morris are entitled to only a life estate in the property of which Cyntha Ann Morris died seized with the remainder in fee to the heirs at law of Cyntha Ann Morris as their interests may appear."

His Honor entered judgment declaring "that the said will of Cyntha Ann Morris shall be considered and the same is hereby construed to give to Elmina G. Morris and to Thomas S. Morris an estate in fee simple in all of the real estate and personal property of the said Cyntha Ann Morris," and taxed the costs against the appealing defendants. From this judgment the defendants, other than Lou C. Hester and her trustee, appealed to the Supreme Court, assigning as error the construction placed upon said will by the court.

At the time she executed the will on 22 August, 1910, the testatrix, Cyntha Ann Morris, was unmarried. She had lived all her life in the home place near Walkertown and lived there at the time of her death. After her father's death many years before, when his real estate was being divided and the commissioners suggested that a division could be more easily accomplished if two of the children would take their shares subject to the dower interest of their mother, the testatrix and her brother, Thomas S. Morris, took their shares subject to the dower interest. The share given to the testatrix embraced the home place and the share given to Thomas S. Morris embraced adjacent land. Cyntha Ann Morris, the testatrix, and her brother, Thomas S. Morris, and her sister, Elmina G. Morris, for many years prior to the marriage of Thomas S. Morris, lived with their mother in the home place. After the marriage of Thomas S. Morris he moved to the adjacent land allotted to him upon the division of his father's estate. Elmina G. Morris has never married and was 62 years of age at the time of this trial. The mother of the testatrix died in 1918 and Elmina G. Morris and Cyntha Ann Morris continued to live together on the home place with Thomas S. Morris until his marriage late in life, and then the testatrix and her sister, two maiden ladies, continued to live on there together until the death of Cyntha Ann. The testatrix was the housekeeper, Elmina worked in the post office and taught school for a salary, and Thomas S. Morris worked about the place and, as Elmina testified, "We all worked there and all helped to bear the expenses—we all worked and put in for our living expenses and everything."

The appealing defendants are brothers and sisters, nephews and nieces and grand-nephews and grand-nieces of the testatrix, together with their husbands and wives, and are forty-three in number. None of these lived with the testatrix. The only persons mentioned in the will are Elmina G. Morris and Thomas S. Morris, and the testatrix' mother, Eljatha A. Morris. The will contains no residuary clause.

Since Eljatha Morris, her mother, predeceased the testatrix, such life estate, or other estates as she may have taken under the will, lapsed and is eliminated from our consideration.

The words to the effect that if either Elmina G. Morris or Thomas S. Morris should marry that their husband or wife should have no share or control of the property devised are void and must be treated as surplusage, since the right of dower and of curtesy attach as a matter of law to all lands of which the husband and the wife, respectively, are seized during coverture.

While the clauses preceding it, standing alone, may have given to Elmina G. Morris and to Thomas S. Morris only a life estate as tenants in common, we think, and so hold, that the final clause, "the last to survive shall share all the estate to use as they please," when read in the light of the facts surrounding the testatrix before, at the time of, and after the making of the will, gave to Elmina G. Morris and Thomas S. Morris a life estate in common with the remainder over in fee to the survivor.

This construction is in accord with the principles enunciated in *Herring v. Williams,* 153 N. C., 231; *Crouse v. Barham,* 174 N. C., 460; and *Ripley v. Armstrong,* 159 N. C., 158, to the effect that the primary purpose in construing a will is to ascertain the intention of the testator from the language used in the will, and that in ascertaining such intention consideration should be given to the condition of the testator and his family and to all of the attendant circumstances surrounding the execution of the will, and it follows C. S., 4162, which provides that when real estate is devised to any person the same shall be construed to be a devise in fee simple unless it is plainly indicated that the testator intended to convey an estate of less dignity, and is also in accord with the well recognized rule of construction that "if . . . a will is susceptible of two constructions, by one of which testator disposes of the whole of his estate, and by the other of which he disposes of a part of his estate only, and dies intestate as to the remainder, the courts will prefer the construction by which the whole of the testator's estate is disposed of, if this construction is reasonable and consistent with the general scope and provisions of the will." *Holmes v. York,* 203 N. C., 709 (712); Page on Wills (2d Ed.), Vol. 1, sec. 815, p. 1383.

This case is remanded to the Superior Court that the judgment therein may be modified in accord with this opinion, that is, so modified as to declare that Elmina G. Morris and Thomas S. Morris are the owners of a life estate in common in the lands described in the complaint, with a remainder in fee therein to the survivor thereof. That part of the judgment taxing the costs against the appealing defendants is affirmed.

Modified and affirmed.