WACHOVIA BANK AND TRUST COMPANY, TRUSTEE, v. MRS. BESSIE
    ERWIN JONES, MRS. SARAH ERWIN BELLAMY, MRS. MARGARET
    ERWIN GLENN, AND WILLIAM A. ERWIN, III, WILLIAM ERWIN
    JONES, ELIZABETH SMEDES JONES, ALICE McADEN JONES,
    SARAH LYELL GLENN, LOCKE ERWIN GLENN AND ROBERT RAN-
    KIN BELLAMY, MINORS, S. C. BRAWLEY, JR., GUARDIAN AD LITEM OF
    WILLIAM A. ERWIN, III, AND ALLSTON STUBBS, GUARDIAN AD LITEM
    FOR WILLIAM E. JONES, ELIZABETH S. JONES, ALICE McADEN
    JONES, SARAH LYELL GLENN, LOCKE ERWIN GLENN, ROBERT
    RANKIN BELLAMY, AND ALL PERSONS NOT IN BEING WHOSE NAMES AND
    RESIDENCES ARE NOT KNOWN, OR WHO MAY IN ANY CONTINGENCY BECOME
    INTERESTED IN SAID TRUST.

(Filed 15 June, 1936.)

1. **Trusts E b—**

Where the disposition of part of a trust fund created by will is left in
doubt under its language, the trustee may apply to the courts, in their
equitable jurisdiction, to construe the instrument.

2. **Wills E a—**

A will and its codicils must be construed together to ascertain and
effect the testator's intent.

3. **Wills E f—Income from property subsequently used to pay specific lega-
cies and costs should be paid income beneficiaries of trust estate.**

After providing for specific legacies, testator directed that the residuum
of the estate should be held in trust for the benefit of testator's children,
and directed that the income therefrom be periodically divided among
them, with issue of deceased children representing their ancestor, with
further provision for the distribution of the *corpus* of the trust estate
after the death of testator's children and grandchildren. The trustee
brought this action to obtain direction of the court in disposing of income
derived from property used in paying debts, costs of administration, and
specific legacies. *Held:* The residue of the estate is formed at the time
of testator's death, and the income in question should not be added to
the *corpus* of the trust estate, but should be paid the income beneficiaries
of the trust estate under the provision of the will that the net income on
hand be divided among them, it being apparent that testator's children
were the primary objects of testator's bounty, and the will being con-
strued to effectuate his intent. The Massachusetts and English Rule
defined and discussed by CLARKSON, J.

DEVIN, J., took no part in the consideration or decision of this case.

STACY, C. J., dissenting.

APPEAL by defendants Bessie Erwin Jones, Sarah Erwin Bellamy,
Margaret Erwin Glenn, and S. C. Brawley, Jr., guardian *ad litem* for
William A. Erwin, III, from *Spears, J.,* at Chambers, 29 April, 1936.
From DURHAM. Reversed.

This is a civil action, instituted by the plaintiff Wachovia Bank and Trust Company against the defendants as beneficiaries under the will of the late W. A. Erwin for the purpose of having the court determine certain questions relative to the disposition of certain of the property.

On 2 March, 1936, S. C. Brawley, Jr., was duly appointed as guardian *ad litem* for William A. Erwin, III, and Allston Stubbs was duly appointed as guardian *ad litem* for William E. Jones, Elizabeth S. Jones, Alice McAden Jones, Sarah Lyell Glenn, Locke Erwin Glenn, Robert Rankin Bellamy, and all persons not in being whose names and residences are not known or who may in any contingency become interested in said trust, and both of said guardians *ad litem* were duly and regularly served with summons and filed answers.

On 28 February, 1932, the testator, William A. Erwin, died leaving a will and four codicils attached thereto, as set out in the record. The Wachovia Bank and Trust Company and Kemp P. Lewis were named as executors. After providing for certain specific legacies, the testator in Item 8 of said will devised and bequeathed all the rest and residue of his property to the Wachovia Bank and Trust Company as trustee, to be held in trust, the income from said property to be used for the benefit of his following children: Bessie Erwin Jones, Sarah Erwin Bellamy, Margaret Erwin Glenn, all daughters of the testator, and William A. Erwin, son of the testator, and their issue. Subsequent to the signing of this will, William A. Erwin, Jr., died and William A. Erwin, III, son of William A. Erwin, Jr., now stands in the position of his father as one of the life beneficiaries.

The total income from the estate during the entire period of administration amounted to $71,544.55. The expense of administration deductive from the income amounted to $11,898.87, leaving a net income of $59,645.68. Of this amount, $11,946.13 was income derived from that portion of the estate used in the payment of specific legacies, debts, and costs of administration. The remainder, to wit: $47,699.55, was derived from that portion of the estate which went into the *corpus* of the residuum and was distributed to the life beneficiaries of the trust as income. The question arises whether the income of $11,946.13 on that portion of the estate used in the payment of specific legacies (these amounted to $40,000—$20,000 to the trustees of Saint Mary's School at Raleigh, and $20,000 to the Wachovia Bank and Trust Company, trustee, to hold in trust for the trustees of the Diocese of the Episcopal Church of North Carolina), debts and costs of administration should be paid as income to the life beneficiaries of the trust, or whether its character should be changed from income to that of *corpus* and added to the *corpus* of the residuum of the estate.

The material part of the will to be construed is Item 8, which is as follows: "I give, devise, and bequeath all the rest and residue of my property and estate *of whatever nature* and wheresoever the same may be to said Wachovia Bank and Trust Company, as trustee, to be by it held, used, and disposed of in trust for the benefit of my four (4) children, to wit: My daughter, Mrs. Bessie Erwin Jones, of Charlotte, N. C. My daughter, Mrs. Margaret Erwin Glenn, of Winston-Salem, N. C. My daughter, Mrs. Sarah Erwin Bellamy, of Wilmington, N. C. My son, William A. Erwin, Jr., of West Durham, N. C., and their issue as follows: . . . Until the death of the last survivor of my said children named above and of all the issue alive at my death of all of my said four children and until the expiration of twenty (20) years after the death of such last survivor, or until the sooner death of all of my said four children and all their issue, *to divide quarterly the net income then on hand from said trust estate* into as many equal shares as there shall be then living child of mine named above and child of mine named above who has died but with issue alive at the time of such quarterly division, and to pay one of said shares of net income to each of my said four children alive at the time of such quarterly division and distribution and one of said shares to the issue (*per stirpes*) alive at that time of each of my said four children who may have died before such quarterly division and distribution."

The court below held that that portion of the income earned by or accruing to the assets of the estate used in connection with payment of debts, legacies, and other expenses "is properly a part of the *corpus* of the residuary trust, and should so be set up and held by petitioner as residuary trustee of said trust."

To this judgment, defendants Bessie Erwin Jones, Sarah Erwin Bellamy, Margaret Erwin Glenn, and S. C. Brawley, Jr., guardian *ad litem* of Wm. A. Erwin, III, excepted, assigned error, and appealed to the Supreme Court. Allston Stubbs, guardian *ad litem* for Wm. Erwin Jones *et al.*, agrees that the conclusion of the court is correct and joins with plaintiff as appellee.

*J. M. Broughton for Wachovia Bank and Trust Company, trustee.*
*Allston Stubbs, guardian ad litem for Wm. Erwin Jones et al.*
*Bryant & Jones and Hamilton C. Jones for defendants, the daughters.*
*Sumter C. Brawley, Jr., guardian ad litem for W. A. Erwin, III.*

CLARKSON, J. This is an equitable action, brought by plaintiff against the defendants, petitioning the court to determine certain questions relative to the disposition of certain property. This is admissible. *Bank v. Alexander,* 188 N. C., 668; *Finley v. Finley,* 201 N. C., 1 (14); *Spencer v. McCleneghan,* 202 N. C., 662 (669).

The contention of defendants, appellants, is "that a careful reading of the will will show that while there is no expressed provision in the will determinative of this question, a fair inference is that there was an implied direction that this $11,946.13 should be treated as income and paid to the life beneficiaries. That the $11,946.13, which is income that accrued on that portion of the estate used in the payment of specific legacies, debts, and costs of administration, should be paid to the life beneficiaries as income and not added to the *corpus* of the estate."

The contention of appellees is: "That the sum of $11,946.13 should be added to the *corpus* of the estate for the benefit of the remaindermen."

The well settled rule in the construction of wills is set forth in *Morris v. Waggoner,* 209 N. C., 183 (186) : "That the primary purpose in construing a will is to ascertain the intention of the testator from the language used in the will, and that in ascertaining such intention consideration should be given to the condition of the testator and his family and to all of the attendant circumstances surrounding the execution of the will."

We must construe the will and codicils to the will together so as to ascertain the intention of the testator. It goes without saying that when the testator made his will, his four children were the primary objects of his bounty. As to them he said, "I give, devise, and bequeath *all the rest and residue* of my property and estate *of whatsoever nature* and wheresoever the same may be to said Wachovia Bank and Trust Company, as trustee, to be by it held, used, and disposed of in trust for the benefit of my four children" (naming them). "To divide quarterly the net income then on hand from said trust estate into as many equal shares as there shall be then living child of mine named above," etc. No particular provision was made for the fund in controversy, yet the will says "the net income then on hand"—that is, at his death. Would it not be reasonable to conclude that the fund in controversy is net income and not *corpus?*

From a careful search we can find no direct authority on this question in North Carolina. There are two lines of authorities, one known as the Massachusetts Rule and one known as the English Rule. The appellants contend that the Massachusetts Rule should be followed in this case and the income accruing on that portion of the estate used to pay specific legacies, debts, and costs of administration should be distributed among the life tenants as income. And contends that the Massachusetts Rule is based upon the following theories: (1) That the residuum of the estate is formed at the death of the testator and is subject to the payment of any specific legacies, debts, and expenses of administration. (2) That the testator has the interest of those closest to him more at heart, and if he could contemplate a situation of this

kind, that he would wish for those closest to him to receive the amount in question—that is, that he would want his children and their children to receive the total income accruing on the entire estate from the time of his death.

We think the Massachusetts Rule preferable to the English Rule, and we believe more consonant with justice and reason. The residue of the estate is formed at the time of the testator's death and is subject to the payment of debts and legacies, and that the income from that should be paid to the beneficiaries, and is not *corpus*.

The matter is so thoroughly discussed by *Rugg, C. J.*, in *Old Colony Trust Co. v. Smith* (266 Mass., 500), 165 N. E., 657, that we quote copiously from that opinion, as follows: "The testamentary words 'rest, residue, and remainder' comprehend the whole of the estate of every description left by the testator subject to all deductions required by operation of law or by direction of the testator. They signify a complete disposition of all property of the testator (citing authorities). In the absence of controlling words to the contrary, 'this residue must be considered as formed at the time of the decease of the testator.' Where the gift of the residue is after the payment of debts and similar charges and nondeferred legacies, the residue is to be formed subject to such payments, even though actually made at a later time. *Treadwell v. Cordis,* 5 Gray, 341, 348, 352, 358. It was expressly stated by *Chief Justice Shaw* in *Minot v. Amory,* 2 Cush., 377, 386, that trustees in making up their accounts should credit to income 'all sums received as income, either through the executors or by themselves, after receiving the capital'; and again in *Lovering v. Minot,* 9 Cush., 151, 157, that where the words of the will are 'the income,' 'with nothing to restrain them,' they include nothing less than 'the whole income.' In each of these decisions the learned *Chief Justice* reviewed the English cases, including *Angerstein v. Martin,* Turn. & Russ, 232, which is the foundation of the English Rule; *Allhusen v. Whittell,* L. R., 4 Eq., 295, 303; *In re McEuen* (1913), 2 Ch., 704, and examined *Williamson v. Williamson,* 6 Paige Ch. (N. Y.), 298, which is the foundation of the New York Rule; *Matter of Accounting of Benson,* 96 N. Y., 499, 48 Am. Rep., 646; *Lawrence v. Littlefield,* 215 N. Y., 561, 577, 109 N. E., 611, and declined to follow the rule established by those cases. That rule, in substance, is that income from money paid for debts and legacies is not income from the residue, but income from property which never becomes a part of the residue because given to other uses, and hence that it is itself a part of the residue. That was the rule followed by the accountant. But it is not the rule established in this Commonwealth by the leading case of *Treadwell v. Cordis,* 5 Gray, 341, 348, 352, 358, which rests upon strong adumbrations if not express adjudications of earlier

decisions. It was said by *Gray, J.,* in *Sargent v. Sargent,* 103 Mass., 297, 299 : 'In this Court, the general rule is established, that the tenant for life is entitled to the income of a residue given in trust, from the time of the testator's death; because any other rule would take away the income from the tenant for life, and apply it to the increase of the capital for the benefit of the remaindermen. *Lamb v. Lamb,* 11 Pick., 371; *Minot v. Amory,* 2 Cush., 377, 388, 389; *Lovering v. Minot,* 9 Cush., 151, 157.' In *McDonough v. Montague,* 259 Mass., 612, 157 N. E., 159, the question presented was as to the proper disposition of substantial 'income earned by the moneys used to pay debts and expenses of administration.' It there was said : 'There is nothing in the will which indicates an intention to make a change from the accepted rule that a tenant for life is entitled to the income from the time of the testator's death.' "

The Massachusetts Rule was followed by Rhode Island in 1933—*City Bank Farmers Trust Co. et al. v. Taylor,* 53 R. I., 126, 163 Atl., 734. New York followed the English Rule, and this was recently changed by statute. N. Y. L., 1931, c. 706, added sec. 17 (b), to the Personal Property Law (Consol. Laws, c. 41), which reads as follows : "Unless otherwise expressly provided by the will of a person dying after this act takes place, all income from real and personal property earned during the period of administration of the estate of such testator, and not payable to others or otherwise disposed of by the will, shall be distributed *pro rata* as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate. None of such income shall, after such distribution, be added to the capital of the residuary estate, the whole or any part of which is devised or bequeathed in trust or for life or for a term of years, but shall be paid ratably to the life beneficiary of a trust, or to the life tenant, or to the absolute residuary legatee as the case may be. Unless otherwise directed in the will, income shall be payable to the life beneficiaries of trusts, or to life tenants from the date of the testator's death. Nothing contained in this act shall affect the right of any person to income on any portion of the estate not part of the residuary estate of such testator."

The above quoted statute, in effect, makes the New York law identical with the law which has been followed in Massachusetts and several other jurisdictions, including Rhode Island, for many years.

We follow the Massachusetts Rule. The judgment of the court below is

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.

STACY, C. J., dissenting: The better expression, it seems to me, is to be found in "The Restatement of the Law of Trusts," section 234 (g), published by The American Law Institute, which reads as follows:

"Income on Property Used in Paying Legacies, Debts, and Expenses: To the extent to which the income received by the executors during the period of administration is derived from property which is subsequently used in paying legacies and discharging debts and expenses of administration, and has not been applied to the payment of interest on such legacies, debts, and expenses, the trustee is entitled to receive the same, but it should be added to the principal and not paid to the beneficiary entitled to the income."

This statement, which was prepared by noted scholars, judges, and lawyers, after an exhaustive study of the subject, has the merit of being supported by the English common law rule and is supposed to be the law of this jurisdiction, unless or until changed by statute. C. S., 970. Moreover, it seems to accord more nearly with the intention of the testator as expressed in the will before us. This was the view of the court below, and my vote is for affirmance.