Patricia L. WHITMAN, an Unmarried Infant over Fourteen Years of Age, et al., Appellants,

v.

LINCOLN BANK & TRUST COMPANY, Executor of the Estate of Emma Sanders Norris, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1960.

James M. Cuneo, Louisville, for appellant.

Frank A. Ropke, Bernard S. Goldstein, Ropke, Goldstein & Poynter, Louisville, for appellee.

S. L. Greenebaum and John S. Greenebaum, Louisville, as amici curiae.

MILLIKEN, Judge.

The principal question presented is whether the income collected by the Executor, during administration of the estate, on securities thereafter sold by it to pay decedent's debts, costs of administration and taxes should be added to the corpus of two testamentary trusts or should be distributed as income to the life beneficiaries of the trusts. The chancellor adjudged the income should be paid to the life beneficiaries of the trusts.

The appellee, plaintiff below, Lincoln Bank & Trust Company, executor of the estate of Emma Sanders Norris, deceased, instituted this suit against all of the legatees under the will of Emma Sanders Norris by filing a "Complaint for Declaration of Rights." The guardian ad litem for appellants, defendants below, Patricia L. Whitman and Barbara Stein, who are residuary legatees of the corpus under the aforesaid will and testamentary trusts, filed an "Answer and Report" contending that the income accumulated during administration by the executor on the stocks and bonds retained and set aside by it for payment of debts, taxes and costs of administration became a part of the residue of the estate and should be put into the corpus of the estate and not be distributed to the life beneficiaries under the trusts created by the will. The total gross estate approximates $480,000 with special bequests totaling $31,000. The income, accumulated during administration, the disposition of which is here involved, approximates $3,500.

Emma Sanders Norris died a resident of Louisville on February 20, 1958, leaving a last will and testament, which was probated in the Jefferson County Court on February 28, 1958. Item I of her will provides:

"I direct that my executor, hereinafter named, pay all of my just debts and funeral expenses as soon after my death as shall be practicable. I further direct that any and all inheritance and estate taxes assessed against my estate or the interest of any beneficiary herein shall be paid out of my general estate in the same manner as any expenses of administration."

In Item II of her will, testatrix stated a desire to be buried on the Norris Lot in Cave Hill Cemetery, and in Items III, IV and V provided for certain specific bequests, none of which is involved in this action. Item VI of the will bequeaths to the Lincoln Bank & Trust Company, as trustee, "all the rest, residue and remainder of my estate of every type and kind, wheresoever situated, both real, personal and mixed," to be divided by the trustee into two equal shares, one share to be known as the "Whitman Trust" and the other share to be known as the "Stein Trust." The net income from the Whitman Trust is to be paid to Carolyn Stein Whitman, a niece of the testatrix, during her lifetime, and upon her death this trust is to terminate and be distributed among the children and issue of deceased children of Carolyn Stein Whitman. Appellant Patricia L. Whitman is the daughter of Carolyn Stein Whitman. The net income from the Stein Trust is to be paid to Henry Stein, Sr., a nephew of the testatrix, during his lifetime, and upon his death the net income therefrom is to be divided equally among his wife, Pauline Stein (if she is married to and living with Henry Stein, Sr., at the time of his death), his son, Henry Stein, Jr., and his daughter, Barbara Stein, one of the appellants herein. This trust is to terminate when Barbara Stein attains the age of 30 years, at which time it is to be distributed in equal shares among Pauline Stein, Henry Stein, Jr., and Barbara Stein.

The Lincoln Bank & Trust Company, as executor of the estate of Emma Sanders Norris, now has in its hands income in excess of $3,500, which has accumulated on certain stocks and bonds retained and set aside by said executor for the payment of debts, Federal Estate Tax, Kentucky Inheritance Tax and costs of administration. Since the aforequoted Item I of the will specifically directs that estate and inheritance taxes "shall be paid out of my general estate in the same manner as any expenses of administration," it follows that the income accruing after the death of the testatrix was not to be used for that purpose, because it was not part of "her general estate" at the time of her death. This provision is in accord with the apparent intention of the testatrix to afford an adequate income to her niece and nephew, the life beneficiaries of the respective trusts of the residue of her estate. Thus, we find no provision of the will which militates against the application of the prevailing law on the subject as summarized in the Restatement of the Law, Trusts 2d (1959 edition), Section 234 g at pages 566–567:

"g. Income on property used in paying legacies, debts and expenses. If the subject matter of the trust is the residue of the testator's estate, income received by the executor during the period of administration, including income derived from property which is subsequently used in paying legacies and discharging debts and expenses of administration, which has not been applied to the payment of interest on such legacies, debts and expenses, is payable to the trustee, and when received by him is payable to the beneficiary entitled to income.

"In some States it has been held that the income from property used in paying legacies, debts and expenses of administration is to be treated as principal. In some of these States this method of allocation has proved unsatisfactory and the rule has been changed by statute.

"The rule allocating such income to the income account has been followed in a majority of the States.

"Illustration:

"3. A bequeaths $30,000 to B and all the residue of his property to C in trust to pay the income to D for life and on D's death to pay the principal to E. The value of A's estate at his death is $100,000. During the year after his death the income received by his executor is $5000. At the expiration of the year the executor pays the legacy of $30,000 to B and pays $10,000 in discharging A's debts and the expenses of administration. D is entitled to the $5000 as income."

(It is interesting to note that the first edition of the Restatement of the Law of Trusts, Section 234, published in 1935, stated the rule then prevailing as just the opposite of the one now prevailing.)

The rule prevailing now is sometimes called the Massachusetts rule, Old Colony Trust Company v. Smith, 1959, 266 Mass. 500, 165 N.E. 657; McDonough v. Montague, 1927, 259 Mass. 612, 157 N.E. 159; Treadwell v. Cordis, 1855, 5 Gray, Mass., 341, as distinguished from the so-called general rule as exemplified by Proctor v. American Security & Trust Company, 1938, 69 App.D.C. 70, 98 F.2d 599, and other cases. A summary of the jurisdictions following the respective viewpoints may be found in the Appendix to the 1959 Edition of the Restatement of the Law, Trusts 2d, Vol. III, at pages 414–415, and Kentucky is not listed as a follower of either view which supports our impression that our rather convolutive opinion in Grainger's Executors and Trustees v. Pennebaker, 1932, 247 Ky. 324, 56 S.W.2d 1007—cited by both sides to this controversy as supporting their contentions—does not fully support either, but is merely determinative of the peculiarities of the will and testamentary trusts there involved.

Since a will speaks from the date of death of the maker unless a contrary intent appears in it, KRS 394.330, we conclude that the trust estate, in the case at bar, was the entire estate, undiminished, until the proper charges against it—the debts, taxes, special bequests and costs of administration—were satisfied and, as a corollary, the full amount of the income earned by the estate during administration is payable to the life beneficiaries of the trusts. Restatement of the Law, Trusts 2d (1959 Ed.) Sections 234 a and g; 3 Scott on Trusts (2d Ed.1956) Sections 234.4–234.5; Bogert, Trusts and Trustees, Section 811.

The judgment is affirmed.