OLD COLONY TRUST COMPANY, trustee, *vs.* REGINALD HEBER
SMITH, guardian *ad litem*, & another.

Worcester.    September 24, 1928. — March 25, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust,* Income.    *Capital and Income.*

Under a provision of a will giving the residue of the testator's estate to a
    trustee to pay the income in a certain manner and finally to distribute
    the principal, a sum, which the executor had received as income from
    money later used by him for the payment of the debts, expenses of
    administration and specific legacies, and had turned over to the
    trustee with the trust fund, should be paid out by the trustee as in-
    come of the trust fund and not as principal.

PETITION, filed in the Probate Court for the county of
Worcester on June 1, 1925, for the allowance of the second
account of Old Colony Trust Company as trustee under the
will of James E. Orr, late of Worcester.

The petition was heard by *F. H. Chamberlain*, J., and was
allowed.    The guardian *ad litem* for certain beneficiaries
interested in the income of the trust fund appealed.    Ma-
terial facts and portions of the will are stated in the opinion.

*L. E. Green*, for R. H. Smith, Esquire, guardian *ad litem*
for Susan A. Orr and others.

*F. S. Moulton*, for the petitioner.

*A. Lincoln*, guardian *ad litem* for Isabel F. Orr and others,
*pro se.*

RUGG, C.J.    This is an appeal from a decree allowing an
account of a trustee under a will.    The testator directed the
payment of his debts and other charges, bequeathed numer-
ous legacies, and by article ten gave "the rest, residue and
remainder" of his estate to the accountant in trust for invest-
ment and reinvestment, for collection and payment of "the
income from said fund" as there specified, and for final dis-
tribution of the principal of the trust.    The single point at
issue between the parties relates to the proper disposition of
$1,800.27.    That amount represents the income derived from
the funds used to pay debts, legacies and expenses of ad-

ministration, and received by the executors between the date of the testator's death and the time when the trust estate was turned over to the accountant as trustee. No controversy exists as to the correctness of the method, or of the computations, by which this element of income was ascertained, and therefore it need not be described. The precise question to be decided is whether that sum ought to be distributed to the beneficiaries of the trust fund as income, or ought to be added to and incorporated with the principal of the residue. The decision depends upon the intent of the testator as gathered from all the words of the will. That intent, when ascertained, is to be given effect unless contrary to some positive rule of law. Certain canons of interpretation have been established as aids for determining that intent when not expressed with indubitable clearness by plain words. *Ware* v. *Minot,* 202 Mass. 512, 516. The testamentary words "rest, residue and remainder" comprehend the whole of the estate of every description left by the testator subject to all deductions required by operation of law or by direction of the testator. They signify a complete disposition of all property of the testator. *Angell* v. *Springfield Home for Aged Women,* 157 Mass. 241, 247. *Jones* v. *Gane,* 205 Mass. 37, 43. In the absence of controlling words to the contrary, "this residue must be considered as formed at the time of the decease of the testator." Where the gift of the residue is after the payment of 'debts and similar charges and nondeferred legacies, the residue is to be formed subject to such payments even though actually made at a later time. *Treadwell* v. *Cordis,* 5 Gray, 341, 348, 352, 358. It was expressly stated by Chief Justice Shaw in *Minot* v. *Amory,* 2 Cush. 377, 386, that trustees in making up their accounts should credit to income "all sums received as income, either through the executors or by themselves, after receiving the capital," and again in *Lovering* v. *Minot,* 9 Cush. 151, 157, that where the words of the will are "the income" "with nothing to restrain them" they include nothing less than "the whole income." In each of these decisions the learned Chief Justice reviewed the English cases including *Angerstein* v. *Martin,* Turn. & Russ. 232, which is the foundation of the English rule, *Allhusen* v. *Whittell,* L. R. 4 Eq. 295, 303, *In re McEuen,* [1913]

2 Ch. 704, and examined *Williamson* v. *Williamson*, 6 Paige Ch. 298, which is the foundation of the New York rule, *Matter of Benson*, 96 N. Y. 499, *Lawrence* v. *Littlefield*, 215 N. Y. 561, 577, and declined to follow the rule established by those cases. That rule in substance is that income from money paid for debts and legacies is not income from the residue, but income from property which never becomes a part of the residue because given to other uses, and hence that it is itself a part of the residue. That was the rule followed by the accountant. But it is not the rule established in this Commonwealth by the leading case of *Treadwell* v. *Cordis*, 5 Gray, 341, 348, 352, 358, which rests upon strong adumbrations if not express adjudications of earlier decisions. It was said by Gray, J., in *Sargent* v. *Sargent*, 103 Mass. 297, 299: "In this court, the general rule is established, that the tenant for life is entitled to the income of a residue given in trust, from the time of the testator's death; because any other rule would take away the income from the tenant for life, and apply it to the increase of the capital for the benefit of the remainderman. *Lamb* v. *Lamb*, 11 Pick. 371. *Minot* v. *Amory*, 2 Cush. 377, 388, 389. *Lovering* v. *Minot*, 9 Cush. 151, 157." In *McDonough* v. *Montague*, 259 Mass. 612, the question presented was as to the proper disposition of substantial "income earned by the moneys used to pay debts and expenses of administration." It there was said: "There is nothing in the will which indicates an intention to make a change from the accepted rule that a tenant for life is entitled to the income from the time of the testator's death."

In the light of these decisions of our own court covering so long a period, perhaps not expressly to the point here presented but very close to it, the conclusion is irresistible that the item here in question must be treated as income for distribution among those entitled thereto and not as capital to be held for the remainderman.

*Decree reversed.*