The bill is for instructions. George J. Gould bequeathed $4,000,000 in trust for his widow and their three children (he had seven by his first wife) and gave the residue of his estate to the complainants in trust for his ten children for life, over to their issue absolutely. The executors handled approximately $15,000,000 principal and $2,000,000 income in administrating the estate. They paid over to the trustees as part of the residue $1,271,002.50. They have on hand a balance of approximately $780,000. The expenses of administration have been satisfactorily apportioned to principal and income by agreement of counsel with the exception of certain items reserved and which are now submitted to the court for decision. Save for the items reserved, the residuary estate *Page 728 
of $2,050,312.38 is allocated, to corpus $1,281,818.92; to income $768,463.45. The disputed items will be taken up in the order in which they were reserved by stipulation.
Items amounting to $97,265.74 for "General Administration Expense" were charged entirely to income. Three items, "Rent of Sale Deposit Box, $2,125;" "Auction Expenses — Georgian Court, $4,417.20;" "Commissions and Expenses re High Point Property Sale, $4,901.85," were administration expenses and chargeable tocorpus. This is now conceded by counsel for the residuary interests. The balance, $85,821.69, was expended for maintaining an accounting and clerical organization — rent, office expenses and salary. It was indispensable to the management of an estate of the magnitude of this one, and ordinarily would be regarded as an administration expense chargeable to corpus, but in view of the rule of Berger v. Burnett, post, that income is to be calculated upon the return of capital remaining after each disbursement, it is but fair that income should bear its share of the cost of getting it in; just as executors' commissions on income are charged against income. The charge will be equally divided.
The sum of $8,916.51 was laid out for fire insurance on non-producing income real estate (included is a small item for fire and theft of automobiles). It was charged to income. The executors effected the insurance for the benefit of the estate and according to the authorities it is chargeable to corpus.Kearney v. Kearney, 17 N.J. Eq. 59, 504; Burton v. Mellis,75 N.J. Eq. 10; Endicott v. Endicott, 41 N.J. Eq. 93. It will be charged to corpus.
Three disputed items for taxes, aggregating $20,519.71, levied before the testator's death, were charged to income. Counsel for the residuary interests concedes the error and consents that they be charged to corpus.
An allowance for commission, $100,000, was made to the executors by this court, November 2d 1927. It has been charged to corpus. The executors in the fourth account (the first submitted to this court after it took over the administration from the orphans court of Ocean county) reported income since the previous account of $1,029,966.52. The customary *Page 729 
allowance of five per cent. was made by the orphans court upon the three prior accountings of income and that rate will prevail and to that extent the allowance will be charged to income. This is consistent with counsels' agreement, that commissions on income heretofore allowed be charged to income.
The sum of $1,825,000 was paid to the children of George J. Gould to induce them to subject their life interests in the residue of the estate to $5,442,392.55, paid to the Jay Gould estate in settlement of George J. Gould's share of the damage suffered by that estate through his mismanagement as one of the trustees. Counsel for the residuary interests contends that the amount should be charged to income or at least equitably allocated as between principal and income. The answer has been given in the opinion In re Gould (just filed), that the money was paid out and deducted from the widow's $4,000,000 trust legacy. The present litigants are not affected.
All counsel fees were properly charged to corpus as part of the administration expenses. They were allowed to each counsel for his professional aid in closing out the estate.
The more important question submitted is whether the entire allocation of disbursements and allowances should be made in accordance with the rule laid down in In re Rowland Trustees,87 N.J. Eq. 307, or Berger v. Burnett, 95 N.J. Eq. 643. If there is conflict, of course the latter, coming from the court of errors and appeals, will be our guide. It is said that if the rule of the Rowland Case is followed, the life tenants have been overpaid $90,621.87, whereas if the Berger rule is applied, $763,443.45 will be coming to them. It is apprehended that what was decided in the Rowland Case is misapprehended. There is no difference in principle between the two cases. They are in agreement that residue is that which is left after payment of charges. In the Rowland Case the trusts were not carved out of the residue and the income was not payable to dependents. In theBerger Case half of the residue formed each of the trusts and the life beneficiaries were the testator's infant children. In the *Page 730 
former the life interests were held not entitled to their legacies until after one year succeeding the death of the testator, while in the Berger Case the infant dependents were entitled to the income from their father's death. The only question in the Rowland Case, presented and decided, was that the life tenants were not entitled to the first year's income, and, arguendo, that it formed part of the residue. In the case under consideration, the life tenants are entitled to the income from the death of their father if not because they are not dependents, then because the trusts were created out of the residue of the estate. Corle v. Monkhouse, 47 N.J. Eq. 73.
The Rowland Case is not in point.
Mr. Justice Trenchards' suggestion of a simple rule for ascertaining income as between life tenants and remaindermen by allowing to income the earnings on corpus as they are earned, and by charging debts and legacies against corpus as they are paid, and the interest paid thereon, removes all perplexities. The formula, obviously, cannot apply to income for the first year, on legacies not payable until a year after the testator's death.
The rule of Berger Case is the law of the state. A decree will be advised in accordance with the views given.