OLD COLONY TRUST COMPANY, trustee, *vs.* FORSYTH DENTAL INFIRMARY FOR CHILDREN & another.

Suffolk.    May 15, 1930. — May 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Trust*, Construction of instrument creating trust, Capital and income. *Devise and Legacy*, Residue.    *Capital and Income.*

A testator by a residuary clause in his will gave all "the rest, residue and remainder" of his estate to be added to a trust previously established by a declaration of trust by him and another for a dental infirmary, and provided that "thereupon the same shall become subject to the terms of said Declaration of Trust." The declaration of trust provided for the transfer and delivery of certain securities to the trustee, and stated that these "securities together with such other real or personal property as may be hereafter vested in the Trustee upon the Trusts hereof, either by us or by any other person or corporation, shall constitute a trust fund and shall be held perpetually by the said . . . [trustee], and its successors and assigns, strictly in trust, to invest and reinvest the same in its sole and absolute discretion and to hold or pay over from time to time the net income therefrom to or for the benefit of the" infirmary. Included in the sum paid by the executor of the will to the trustee as residue was a substantial sum which was income earned by the residue between the date of the testator's death and the dates when the residue was turned over to the trustee. Upon a bill by the trustee for instructions, it was *held*, that

(1) Unless the will otherwise required, the whole sum paid over to the trustee became part of the principal of the trust fund and only the income thereafter accruing on such entire sum could be used for the benefit of the infirmary;

(2) A phrase, "of which I may die seized or possessed, or to which I may, in any way, be entitled at the time of my decease," used by

the testator in the will in connection with the gift of the residue, did not prevent the whole estate not otherwise disposed of, including earnings which came in before the residue was paid to the trustee, from passing under the residuary clause, nor show a testamentary purpose that the part of the residue made up of such earnings was to be paid by the trustee to the infirmary;

(3) The income, received on the residue by the executor before transfer to the trustee, became principal when received by the trustee, and he was not entitled to treat it as income and turn it over to the infirmary.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on March 26, 1930, and described in the opinion.

The suit was reserved by *Crosby*, J., upon the bill and answers for determination by the full court.

*S. E. Gifford*, stated the case.

*H. Williams*, (*L. Hill* with him,) for Forsyth Dental Infirmary for Children.

*F. S. Moulton*, for the plaintiff, by leave of court.

SANDERSON, J. This is a bill for instructions, brought by the plaintiff as trustee under a deed of trust, dated March 15, 1910, made by John H. Forsyth and Thomas A. Forsyth for the benefit of Forsyth Dental Infirmary for Children, a corporation.

Thomas A. Forsyth died March 28, 1928, leaving a will in which the Old Colony Trust Company was named executor. The residuary clause of the will is in part in the following terms: "All the rest, residue and remainder of my estate and property, real, personal and mixed, of which I may die seized or possessed, or to which I may, in any way, be entitled at the time of my decease, I give, devise and bequeath to Old Colony Trust Company of Boston, Massachusetts, to be added by it to the trust estate held by it for the benefit of the 'Forsyth Dental Infirmary for Children' under Declaration of Trust executed by John Hamilton Forsyth and Thomas Alexander Forsyth, dated March 15th, 1910, and thereupon the same shall become subject to the terms of said Declaration of Trust." By virtue of one provision in the deed of trust the trustee was given power to determine whether any moneys or things were to be treated as capital

or income, but in view of the fact that the trustee is petitioning for instructions we pass upon the question presented without considering the scope or extent of its discretionary power. The declaration of trust provides for the transfer and delivery of certain securities to the trustee, and states that these "securities together with such other real or personal property as may be hereafter vested in the Trustee upon the Trusts hereof, either by us or by any other person or corporation, shall constitute a trust fund and shall be held perpetually by the said Trust Company, and its successors and assigns, strictly in trust, to invest and reinvest the same in its sole and absolute discretion and to hold or pay over from time to time the net income therefrom to or for the benefit of the Forsyth Dental Infirmary for Children . . . ."

It is alleged in the bill and admitted in the answers that the executor of the will of Thomas A. Forsyth, pursuant to its provisions, paid to the plaintiff as trustee under the deed of trust the residue of the estate amounting in all to $1,253,095.04, and that included in the sum so paid was $74,119.51 representing the income earned by that residue between the date of the testator's death and the dates when the residue was turned over to the trustee. The question presented by the petition is whether this latter sum constitutes income in the hands of the plaintiff as trustee under the deed of trust to be used for the infirmary, or whether the same constitutes principal which should be held as part of the trust estate.

The evident purpose of the donors, as indicated by the provisions of the deed of trust, was that the property conveyed to the trustee by them and any property subsequently added thereto were to become a part of the fund itself, and that only the income received by the trustee from the fund in its hands was to be paid to the infirmary. The income under consideration was not in any true sense income of the trust because it was earned while the property was held by the executor and before the residue became a part of the trust fund. Unless the will otherwise requires, therefore, the whole sum paid over to the trustee became

part of the principal of the trust fund and the income only can be used for the benefit of the infirmary.

The case is distinguishable in its facts from cases in which the testator has made a gift of income to a life tenant with the evident intention that the beneficiary have the benefit of such income from the death of the testator. *Old Colony Trust Co.* v. *Smith,* 266 Mass. 500. In such a case the income never becomes a part of the residue.

In the case at bar there was no testamentary gift of income but merely a gift of residue to the trustee to be added to an existing trust. The only reason for paying to the trustee the amount earned during the period of settlement was that no other disposition had been made of such earnings in the other provisions of the will, and for that reason they passed as a part of the residue. See *Hayden* v. *Stoughton,* 5 Pick. 528, 536; *Brigham* v. *Shattuck,* 10 Pick. 306, 309; *Thayer* v. *Wellington,* 9 Allen, 283, 297; *Old Colony Trust Co.* v. *Smith, supra.* The expression "of which I may die seized or possessed, or to which I may, in any way, be entitled at the time of my decease," used in connection with the gift of the residue, did not prevent the whole estate not otherwise disposed of, including earnings which came in before the residue was paid to the trustee, from passing under the residuary clause; nor does it show a testamentary purpose that the part of the residue made up of such earnings was to be paid by the trustee to the infirmary. The trustee received the whole amount turned over to it as one fund comprising the residue of the testator's estate, not as two funds, one comprising the residue of the principal of the estate and the other the income earned during the period of settlement. Its duty by the terms of the will was to add the residue received to the trust estate and thereupon it became subject to the terms of the declaration of trust. By the terms of that trust instrument this property was to constitute a trust fund to be held perpetually, to be invested and reinvested by the trustee which, from time to time, would pay over the net income therefrom to or for the benefit of the infirmary. The founders of the trust believed that their purpose could best be accomplished "by establishing

a fund, of which the income only shall be paid over, for the uses and purposes of the Forsyth Dental Infirmary for Children . . . ."   The purpose of the founders of the trust and the intention of the testator will be accomplished if the trustee treats the whole residue received by it as a part of the principal of the trust fund to be invested to produce an income for the purposes of the trust.   To reach a different conclusion would require us to read into the will and into the declaration of trust clauses which are not there, and which would be at variance with the apparent meaning of the language used in both.

A decree may be entered instructing the trustee that it is not entitled to pay over the aforesaid sum of $74,119.51 to the Forsyth Dental Infirmary for Children as income to which that corporation is entitled under the deed of trust.

*Ordered accordingly.*